430 So.2d 601 (1983)
Enrique J. TOMEU, Jr., Petitioner,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Respondent.
No. 82-477.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
*602 Daniel H. Jones of Moyle, Jones & Flanigan, P.A., West Palm Beach, for petitioner.
John Corbett, West Palm Beach, for respondent.
DOWNEY, Judge.
On motion for rehearing by Palm Beach County, we withdraw the opinion originally filed in this cause on March 9, 1983, and substitute for that opinion the following revised opinion.
The petitioner, Enrique J. Tomeu, Jr., made application to Palm Beach County for a special exception to allow a commercial service enterprise serving agricultural uses on a 5.7 acre site located at the northeast corner of State Road 80 and Seminole-Pratt Whitney Road. This commercial service enterprise was to consist of storing, maintaining, and fueling of trucks and other vehicles used for transporting agricultural products.
The application for special exception was heard by the Palm Beach County Planning Commission at a public hearing at which testimony was adduced. The planning commission split on the application so that the matter went, without recommendation, to the County Commission, sitting as the County Zoning Board. The County Commission then held a public hearing and, based upon the testimony taken before it and letters of objection to the application, the County Commission unanimously denied petitioner's application.
Petitioner then filed a petition for writ of certiorari in the circuit court, resulting in an order that dismissed the petition. From that order petitioner has filed an appeal to this court, which we have treated as a petition for certiorari.
The foregoing description of the pleadings demonstrates the confusion that recently prevailed regarding the nomenclature and nature of appellate review in some administrative proceedings. Happily, since the entry of the circuit court order being reviewed, two cases have been decided that should be of assistance to the bench and bar alike in reviewing administrative decisions such as is involved herein. Those two cases are City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), and Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). The Vaillant case involved a petition for writ of certiorari to the circuit court from the Civil Service Commission of the City of Deerfield Beach. The Court held that when full review of administrative action is given in the circuit court as a matter of right further appellate review of the circuit court is in the district court of appeal by common law writ of certiorari. In the Cherokee Crushed Stone case this court held that, where a party seeks review of an order of an administrative agency of a municipality by a petition for certiorari, that petition must be heard by the circuit court as of right and the circuit court must determine whether the agency has: 1) accorded procedural due process, 2) observed the essential requirements of law, and 3) supported its findings by substantial competent evidence. The circuit court certiorari proceeding may then be reviewed in a district court of appeal by certiorari. Thus, whether the review proceeding in the circuit court is depicted as an appeal or as certiorari, the circuit court standard of review is the same and review of the decision of the circuit court is reviewable only by certiorari in the district court of appeal. This is not mere legal mumbojumbo because the scope of review in each instance is significantly different. The review of the circuit court, whether styled appeal or certiorari, is much broader than the subsequent certiorari review of the district court of appeal. This stems from the rule that no case is entitled to two appeals. In reviewing an order of a municipal or county agency by appeal or certiorari the circuit court determines whether the appellant or petitioner was afforded procedural due process, whether the agency observed the essential requirements of law, and whether the decision is supported by substantial competent evidence. The scope of *603 the district court's review of the circuit court order is restricted to a determination that the petitioner or appellant was afforded procedural due process in the circuit court and that the circuit court applied correct legal principles.
In the present case the entire thrust of petitioner's argument is that the decision of the county commission is not supported by substantial competent evidence and, therefore, we should quash the circuit court order affirming that decision. As indicated above, it is not our function to determine whether the county commission decision is supported by substantial competent evidence  that was the circuit court's function. For us to now duplicate that determination would afford petitioner two full appeals. On the contrary, we must look only to see if, first, due process was afforded petitioner and, second, if the correct principles of law were applied. Having thoroughly examined the record, we find the circuit court properly fulfilled its function and thus we deny the petition for writ of certiorari.
WALDEN and ANSTEAD, JJ., concur.