504 So.2d 1385 (1987)
CITY OF WEST PALM BEACH ZONING BOARD OF APPEALS, and the City of West Palm Beach, Petitioners,
v.
EDUCATION DEVELOPMENT CENTER, INC., Respondent.
No. 4-86-0687.
District Court of Appeal of Florida, Fourth District.
April 15, 1987.
Carl V.M. Coffin, City Atty., West Palm Beach, for petitioners.
James K. Green of Green, Eisenberg and Cohen, West Palm Beach, and Raymond A. Rea, Lake Worth, for respondent.
PER CURIAM.
The City of West Palm Beach Zoning Board of Appeals seeks certiorari review of an order of the circuit court reversing the Zoning Board's denial of a permit to operate a preschool.
The City and Zoning Board argue that the circuit court applied the wrong standard in reviewing the matter originally brought to it by certiorari. We have defined the scope of review for the circuit court in such circumstances as follows:
[W]here a party seeks review of an order of an administrative agency of a municipality by a petition for certiorari, that petition must be heard by the circuit *1386 court as of right and the circuit court must determine whether the agency has: (1) accorded procedural due process, (2) observed the essential requirements of law, and (3) supported its findings by substantial competent evidence.
Tomeu v. Palm Beach County, 430 So.2d 601, 602 (Fla. 4th DCA 1983). It is well settled that a circuit court is not empowered to disapprove findings of a board or administrative agency unless the record is devoid of substantial competent evidence to support the agency's decision. Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978); City of Tampa v. Islands Four, Inc., 364 So.2d 738 (Fla. 2d DCA 1978). Where conflicting interpretations of the evidence urged by a petitioner and respondent are both reasonable and plausible under the evidence presented, the circuit court may not transcend the scope of its certiorari review by substituting its judgment for that of the local administrative agency. Skaggs, 363 So.2d at 1091.
The scope of a district court's review of a circuit court order in a certiorari proceeding from the Zoning Board is more limited. It is restricted to a determination of whether the petitioner was afforded procedural due process in the circuit court, and whether the circuit court applied correct legal principles. Tomeu, 430 So.2d at 602-03.
Instead of determining whether the Educational Development Center was provided procedural due process, whether the Zoning Board observed the essential requirements of law and whether the Zoning Board's findings were supported by substantial competent evidence, the circuit court substituted its own findings of fact and ruled that:
[T]here was substantially [sic] competent evidence that the curriculum which the Petitioner was going to use in the operation of its pre-school was substantially similar to that offered in comparable public schools ... [t]herefore, the Respondent's denial of Petitioner's application was arbitrary and unreasonable, and the Respondent's denial of said petition is hereby reversed, and this matter is remanded to the Respondents for further proceedings in accordance with this Opinion.
In so doing, the circuit court departed from the essential requirements of law by applying an incorrect standard of review. The question is not whether, upon review of the evidence in the record, there exists substantial competent evidence to support a position contrary to that reached by the agency. Instead, the circuit court should review the factual determination made by the agency and determine whether there is substantial competent evidence to support the agency's conclusion.
We therefore grant the petition for writ of certiorari, quash the order of the circuit court and remand with instructions that a redetermination be made applying the correct standard of review.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
HERSEY, C.J., and ANSTEAD and WALDEN, JJ., concur.