526 So.2d 775 (1988)
CITY OF WEST PALM BEACH ZONING BOARD OF APPEALS and the City of West Palm Beach, Petitioners,
v.
EDUCATION DEVELOPMENT CENTER, INC., Respondent.
No. 87-2889.
District Court of Appeal of Florida, Fourth District.
June 15, 1988.
*776 Carl V.M. Coffin, City Atty., West Palm Beach, for petitioners.
James K. Green of Green, Eisenberg and Cohen, West Palm Beach, for respondent.
PER CURIAM.
For the second time the circuit court, in its appellate capacity, has reversed a decision of the West Palm Beach Zoning Board of Appeals which denied respondent's application to convert its property, located in a residentially zoned area, to a preschool. In the original case, City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 504 So.2d 1385 (Fla. 4th DCA 1987), we quashed the order on review for failure to apply the correct standard of review. The order now before us is substantially identical to the prior order with the exception of the addition of a sentence finding that there was not substantial competent evidence to support the City's denial of respondent's application.
It is firmly established in the case law that, when the circuit court sits in its appellate capacity to review agency action, its scope of review is limited to a determination of whether the agency (or municipal entity):
1. provided procedural due process;
2. observed the essential requirements of the law; and
3. supported its findings by substantial competent evidence.
City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), aff'd, 419 So.2d 624 (Fla. 1982).
This court, sitting in review of the circuit court appellate process, restricts its scope of review to a determination of whether the petitioner was afforded procedural due process in the circuit court and whether the circuit court applied the correct legal principles (sometimes phrased: whether there was a substantial departure from the essential requirements of the law). Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983).
It is well settled that a circuit court is not empowered to disapprove findings of an administrative agency unless the record is devoid of substantial competent evidence to support the agency's decision. See, e.g., Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978). Where conflicting interpretations of the evidence urged by a petitioner and respondent are both reasonable and plausible under the evidence presented, the circuit court may not transcend the scope of its certiorari review by substituting its judgment for that of the administrative agency. Id. at 1091. Where the agency's determination of the evidence presented to it is reasonable under the facts presented, and the agency otherwise acted in accordance with the essential requirements of law, the circuit court may not disapprove the finding of the agency unless devoid of substantial competent evidence.
Further, where there are conflicts in the evidence presented to the zoning board, the reviewing court (circuit court) will uphold the judgment of the zoning board if it is a fairly debatable decision. See Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979). A review court is not permitted to reweigh the evidence and substitute its judgment for that of the zoning board. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
The record contains competent evidence supporting both sides of the controversy *777 presented to the zoning board. There was substantial evidence to support denial of the application to permit the operation of a preschool in this residential area. To find to the contrary, we conclude that the lower tribunal either reinterpreted the inferences which the evidence supported or reweighed that evidence; in either event substituting its judgment for that of the zoning board, which it may not properly do.
Accordingly, we grant the petition for writ of certiorari and again quash the order of the circuit court and remand for such further proceedings as may be appropriate.
HERSEY, C.J., and DOWNEY and STONE, JJ., concur.