541 So.2d 106 (1989)
EDUCATION DEVELOPMENT CENTER, INC., Petitioner,
v.
CITY OF WEST PALM BEACH ZONING BOARD OF APPEALS, et al., Respondents.
No. 72755.
Supreme Court of Florida.
March 23, 1989.
*107 James K. Green of Green, Eisenberg & Cohen, West Palm Beach, for petitioner.
Carl V.M. Coffin, West Palm Beach, for respondents.
BARKETT, Justice.
We have for review City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 526 So.2d 775 (Fla. 4th DCA 1988), in which the district court granted certiorari and quashed an order of the circuit court overturning a decision of an administrative agency. Because the district court's opinion conflicts with City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), we have jurisdiction.[*]
The issue here concerns the extent of the district court's certiorari review. We find that the district court exceeded the scope of review and quash the decision below.
The petitioner, Education Development Center, Inc. (Center), owns residential property. The Center appeared at a hearing before the respondent, City of West Palm Beach Zoning Board of Appeals (Board), seeking to convert its property to a private preschool and kindergarten.
The Board denied the Center's application and the Center appealed to the circuit court. The circuit court reversed the Board, concluding that there was "substantially competent evidence" to support the Center's application as required by the zoning code.
In City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 504 So.2d 1385 (Fla. 4th DCA 1987), the district court granted the Board's petition for writ of certiorari, concluding that the circuit court had applied an incorrect standard of review. The district court remanded for a redetermination and explained:
[T]he circuit court departed from the essential requirements of law by applying an incorrect standard of review. The question is not whether, upon review of the evidence in the record, there exists substantial competent evidence to support *108 a position contrary to that reached by the agency. Instead, the circuit court should review the factual determination made by the agency and determine whether there is substantial competent evidence to support the agency's conclusion.
Id. at 1386 (emphasis in original).
On remand, the circuit court again reversed, this time finding that "there was no substantial competent evidence to support the City's denial of the petition."
The Board returned a second time to the district court, which in the opinion now before us, Education Development Center, 526 So.2d at 775, granted the petition for writ of certiorari and remanded to the circuit court for further proceedings. The basis for the district court's reversal was its disagreement with the trial court's finding that there was no substantial competent evidence to support the Board's decision. In contrast to the circuit court, the district court found:
There was substantial evidence to support the denial of the application to permit the operation of a preschool in this residential area. To find to the contrary, we conclude that the lower tribunal either reinterpreted the inferences which the evidence supported or reweighed the evidence; in either event substituting its judgment for that of the zoning board, which it may not properly do.
Id. at 777 (emphasis supplied).
In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), the Court clearly set forth the standards governing certiorari review. When the circuit court reviews the decision of an administrative agency under Florida Rule of Appellate Procedure 9.030(c)(3), there are three discrete components of its certiorari review.
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.
Vaillant, 419 So.2d at 626. In so doing, the circuit court is not permitted to reweigh the evidence nor to substitute its judgment for that of the agency. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
In turn, the standard of review to guide the district court when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) is necessarily narrower. The standard for the district court has only two discrete components.
The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
Vaillant, 419 So.2d at 626. In Vaillant, the Court adopted the rationale of the Fourth District Court of Appeal and quoted approvingly from its decision:
"[C]ommon sense dictates that no one enjoys three full repetitive reviews to,
1. a civil service board
2. a circuit court
3. a district court of appeal... ."
Id. (quoting City of Deerfield Beach v. Vaillant, 399 So.2d 1045, 1047 (Fla. 4th DCA 1981)).
We find the Board's reliance on Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978), to be misplaced. There, the issue concerned the scope of review of the circuit court which had overturned the agency's decision, despite the existence of substantial competent evidence to support it. Here, we are concerned with the scope of review of the district court and find the definitive statements in Vaillant to be dispositive.
We hold that the principles expressed by the Court in Vaillant clearly define the standards of review applicable here. There was no contention of a denial of due process and the district court of appeal did not find that the trial judge applied an incorrect principle of law. The district court of appeal simply disagreed *109 with the circuit court's evaluation of the evidence. Accordingly, we reaffirm Vaillant and quash the decision of the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
In reviewing the action of the trial judge reversing a decision of the West Palm Beach Zoning Board of Appeals, the district court of appeal stated "we conclude that the lower tribunal either reinterpreted the inferences which the evidence supported or reweighed that evidence; in either event substituting its judgment for that of the zoning board, which it may not properly do." City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 526 So.2d 775, 777 (Fla. 4th DCA 1988). This, to me, is equivalent to the appellate court's determination that in assessing the facts the trial judge failed to apply the right law, and, thus, the appellate court's review comported with City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
I recognize that the trial judge, on remand, used the phrase, "that there was no substantial competent evidence to support the City's denial of respondent's application," in addition to his prior quashed order. I am not willing to accept the proposition that the inclusion of the magic words by the circuit judge, particularly when this resulted in a reversal of the zoning board, precluded the appellate court from reviewing his conclusion that no competent substantial evidence supported the zoning board's denial. It is the substance that counts, and not the form of the pronouncement. Here the dispute was whether or not the petitioner had proved by substantial competent evidence that the proposed occupancy of the property would be by a school offering a curriculum similar to that offered in a public school. The zoning board found that the petitioner had not carried its burden in this regard. The petitioner planned to use its property for a day care school for three-, four-, and five-year-old children. There was evidence that Palm Beach County had no schools for three or four year olds.[1]
There was an ample basis for the board to reach its conclusion. When the trial judge declared to the contrary, he was not following the appropriate law in assessing factual matters. It can also be said that the meaning of the ordinance could be interpreted differently. If so, the interpretation of the trial judge is subject to review when it differs from that of the zoning board.
I would suggest also, that, if we narrowly construe Vaillant[2] to prevent review of actions of a trial judge in reversing zoning board actions, we would clothe trial judges with powers of absolute czars in zoning matters. All that the trial judge would have to do to insulate his actions from review would be to couch his order mandating reversal in terms of "there is no competent evidence to deny the zoning application." Surely we do not want to tie the hands of the district courts of appeal in such situations. Rather, the appellate courts should be able to pass on the issue of whether there was, indeed, competent substantial evidence to support the conclusion of the zoning board.
I have one additional observation. The district court previously quashed the prior order of the trial judge and remanded with instructions. City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 504 So.2d 1385 (Fla. 4th DCA 1987). Call it what you like, *110 but, when the district court entertains a second review, it should have the authority to determine if its prior mandate had been complied with properly.
I would approve the district court's decision.
NOTES
[*] Art. V, § 3(b)(3), Fla. Const.
[1] There was evidence that a curriculum for 3, 4, and 5 years had been approved by Ralph Turlington, acting in his capacity as Florida Commissioner of Education. The state participates in such programs with the federal government for migrant workers only.
[2] Vaillant was not a zoning case. It was a review of a Civil Service Board's action. The issue in Vaillant was whether such a review was by appeal or certiorari. The extent of review permitted by certiorari was a gratuitous comment by our Court.