# SOLID WASTE AUTHORITY OF PALM BEACH COUNTY v NORRIS

## Case No. AP-89-3198-AY

Fifteenth Judicial Circuit, Palm Beach County

August 6, 1990

### APPEARANCES OF COUNSEL

**Bernard A. Conko, Esquire,** for petitioner.

**Trela J. White, Esquire,** for respondent.

Before MARTIN, COOK, WENNET, JJ.

### OPINION OF THE COURT

MARTIN, J.

Petitioner, Solid Waste Authority of Palm Beach County (Authority) seeks review of a hearing officer's decision granting Respondent, Anna P. Norris, (Norris) an exemption from the requirements of the manda-

tory solid waste collection program for unincorporate lands in Palm Beach County, Florida. Upon review, we reverse the decision of the hearing officer.

Respondent, Norris, owns property in unincorporated Palm Beach County consisting of approximately 59 residential duplexes, which she rents to various tenants. Because of duplexes owned by Norris consist of 3 or fewer dwelling units under one commonly constructed roof system, the duplexes fall within the definition of "assessed units" as defined in Solid Waste Authority Resolution 88-18, Section 2. Owners of assessed units are entitled to receive and are assessed for residential collection service which includes individual curbside garbage and trash pick up for each unit. Norris must pay for residential collection service even though she presently uses 5 dumpsters throughout her development to collect the tenants solid waste rather than individual garbage cans at each unit.

Norris sought and obtained an exemption from the requirements of the Solid Waste Authority's residential collection program. The exemption she obtained permits here to continue to use dumpsters and to pay the lower rate which applies to that type of solid waste collection as opposed to the higher rate which applies to individual curbside pickup. The Authority appealed claiming Norris was not entitled to the exemption and that the hearing officer's decision was not based on competent substantial evidence and that he failed to observe the essential requirements of law.

Section 11 of Resolution 88-15 provides that an exemption, partial or total, shall not be granted unless and until a written petition is submitted demonstrating that:

(a)(i) Special conditions and circumstances exist which are peculiar to owner's land or structures on owner's land that would impose an extreme and unreasonable burden upon owner to comply with the residential collection service requirements set forth in this resolution and such special conditions and circumstances generally are not applicable to other owners in the collection area; or

(ii) Owner's property is a dwelling unit within a combination of structures containing other dwelling units and owner's dwelling unit is subject to a cooperative agreement; and

(b) Granting the exemption will be in harmony with the general intent and purpose of the mandatory garbage collection provisions of this resolution, will not be injurious to the neighborhood, or otherwise detrimental to the public welfare and will not

confer on the petitioner any special privilege that is denied to other property owners in the immediate area; and

(c) The petitioner has contracted with the franchisee operating in petitioner's collection area to provide an adequate means of solid waste collection acceptable to the Authority and must provide written evidence that such alternate means of collection shall be put in effect and remain in effect throughout the year for which the exemption is granted.

Before her property can be considered for an exemption, Norris must first demonstrate that her property falls within either category (a)(i) or (a)(ii) above. In other words, she must show either that there are conditions unique to her property that would result in her suffering an extreme and unreasonable burden if she were required to comply with the residential collection service requirements or that her property is subject to a cooperative agreement.

Having reviewed the record, we find no substantial competent evidence to support the hearing officer's findings that the Norris property meets the requirements of paragraphs (a)(i) and (a)(ii). It is, therefore, unnecessary to discuss whether the terms of paragraphs (b) and (c) of Section 11 have been met.

Solid Waste Authority Resolution 88-15 section 12 requires that owners of assessed units who receive residential collection service place their garbage and residential solid waste within 6' of the curb in a proper container. There is no competent substantial evidence in the record to show that there is anything peculiar about the Norris land itself or the structures on it which would prevent Norris from complying with this requirement or which would result in an extreme and unreasonable burden upon her were she required to comply. Each of her tenants can simply bag his garbage and place it at the curbside. All of the Norris duplexes are located immediately adjacent to paved roadways easily accessible to the owner, tenants and the Solid Waste Authority.

The record indicates the Norris duplexes are much like any other duplexes. Each of the duplexes is a separate structure with two residential dwelling units under one roof. There is no evidence in the record that the Norris duplexes are treated differently from other duplexes.

With respect to the requirements for an exemption under paragraph (a)(i), and the burden to which Norris would be subjected, Norris' agent, C. Clifford Norris, testified that the management of Woodhaven Villas (as the Norris duplexes are known) would rather have dumpster

**89**

service than curbside service because of "sheer economics" and because some years ago the management tried curbside service and:

". . . trash removal was such a problem for us when they did curbside service. Trash was strewn out around the property and we had to go around after they went through the property and clean up and pick up all the paper they didn't get.

The property owners had to buy one hundred and eighteen trash cans or more.

So the method was totally inefficient in terms of expenditures of time and energy as far as the property owners were concerned, if you intend to keep the property clean and neat.

It is fine to say it takes approximately as much time.

In fact, the actual service provided was terribly unthorough.

Dumpster points appear to be a lot more effective in terms of points of accumulated trash and the ease of removal from the landlord's point of view." (R 47).

This problem described by Norris' agent is not one which results from conditions peculiar to the Norris land itself or the structures on the land. It is perhaps more a problem either in the manner in which the service personnel pick up the garbage or in the manner in which the garbage is bagged or containerized or a combination of these problems.

With respect to the requirements of paragraph (a)(ii), there is no evidence that the Norris property is subject to a cooperative agreement.

Section 2(k) of Resolution 88-15 defines a cooperative agreement to mean:

". . . a. maintenance and ownership agreement through which each owner of real property, be it a lot, home, apartment or any other interest, is automatically a voting member of an association, and each such member is automatically subject to a charge or assessment for a prorated share of expenses, either direct or indirect, for maintaining common properties and for payment of costs, fees and expenses which specifically include solid waste collection and disposal. As used in this definition the term "association" shall include but is not limited to a homeowners' association, condominium association, cooperative (apartment) association or mobile home park owners' association."

The record reflects (R 78) that Norris' agent, C. Clifford Norris, testified that the duplexes in Woodhaven Villas all are owned by the

90

Norris family and that they are not subject to an agreement that provides for voting by residents within an association, i.e., they are not subject to a cooperative agreement.

In reviewing the decision of the hearing officer, the Circuit Court is limited to determining whether the hearing officer:

1. Provided procedural due process.

2. Observed the essential requirements of the law, and

3. Supported his findings by substantial competent evidence, *Deerfield Beach v Vaillant*, 419 So.2d 624 (Fla. 1982).

We determine that the findings of the hearing officer are not supported by substantial competent evidence and, therefore, reverse and remand for entry of a denial of the Respondent, Anna P. Norris' petition for exemption.

COOK, J., concurs.

WENNET, J., dissents with written opinion

WENNET, J., dissents.

I respectfully dissent from the Majority's opinion reversing the administrative hearing officer's decision to grant an exemption to the mandatory Solid Waste Collection Program.

Mrs. Norris the owner of a fifty nine unit duplex community comprising of one hundred and eighteen living units, known as Woodhaven Villas. Her family has owned these homes for over 24 years and has utilized them solely as rental property. Mrs. Norris petitioned for an exemption to the special assessment for waste removal that was levied against her as owner of Woodhaven Villas. The hearing officer heard the testimony and pursuant to Palm Beach County Resolution 88-15 § 11 granted the exemption allowed Mrs. Norris to receive "dumpster service" rather than forcing her to use "curbside trash can service".

Woodhaven has been using "dumpster service" for a number of years and had installed facilities to provide for an aesthetic as well as functional use of the dumpsters. They use five dumpsters on the property in place of over 200 individual trash cans (approximately two per residence). The use of these dumpsters, enclosed by fencing is both cleaner and safer for the people who make Woodhaven their home. The switch was made as a result of difficulties with the trash cans, in that trash and garbage had been strewn about the property after the cans were knocked over by animals and the like. It was determined that the "curbside service" was both inefficient and unthorough.

91

In addition, it is economically more feasible to maintain "dumpster" rather than "curbside service". The cost for "dumpster service" is $13,08 per year, while "curbside service" is assessed at $20,650 per year. Thus, "dumpster service" is a savings of $7,570 per year for Woodhaven and Mrs. Norris.

The irony of the situation is that similar communities that differ only because they have four or more residences connected under one roof are exempt from the assessment and free to choose the type of service that they desire. Cooperative communities with "Residents Associations" are also granted exemptions. Only because of the nature of Woodhaven, in that it has only two residences per roof and is a rental community, was Mrs. Norris forced to seek an exemption.

In the lower tribunal, Mrs. Norris was granted an exemption by the hearing officer. The Solid Waste Authority now seeks to reverse this ruling.

In reviewing an administrative decision, there are three criteria that the Circuit Court must use to determine if the action was proper: (1) whether procedural due process was accorded; (2) whether the essential requirements of law were accorded; and (3) whether the administrative findings and judgments are supported by competent substantial evidence. *Educational Development Center, Inc. v City of West Palm Beach Zoning Board of Appeals,* 541 So.2d 106, 108 (Fla. 1989) (citing *City of Deerfield Beach v Valiant,* 419 So.2d 624 (Fla. 1982)). In applying these criteria, ". . . [T]he circuit court is not permitted to re-weigh the evidence nor to substitute its judgment . . ." for that of the administrative decision maker. *Educational Development Center,* 541 So.2d at 108 (citing *Bell v City of Sarasota,* 371 So.2d 525 (Fla.2d DCA 1979)).

Procedural due process is not an issue in this matter as both sides were accorded notice and an opportunity to be heard in a meaningful fashion.

It is left to be decided whether the record presented competent substantial evidence and whether the essential elements of law were followed by the Hearing Officer.

The Ordinance, 88-16 § 11 provides that exemptions may be granted where the petitioner demonstrates that the petition is in the public interest and complies with three requirements:

(a)(1) Special conditions and circumstances exist which are peculiar to owner's land or structures that would impose an extreme and . unreasonable burden upon the owner to comply . . .; and

92

(b) Granting the exemption will be in harmony with the general intent and purpose of the mandatory garbage collection provisions . . . will not be injurious to the public welfare, and will not confer on the petitioner any special privilege that is denied to other property owners in the immediate area; and

(c) The petitioner has contracted with the franchisee . . . to provide an alternative . . . [waste disposal service].

The hearing officer considered the ordinance in the decision applied it to the facts presented, and reached a rational and logical conclusion.

As the facts presented demonstrate, it is economically, aesthetically, logistically, and unreasonably burdensome to utilize some 200 trash cans, bags, and bundles to dispose of the waste produced by the residents of Woodhaven, when 5 dumpsters are able to accomplish the same task. The hearing officer found that this is an unreasonable burden upon Mrs. Norris and Woodhaven, and also that the purpose of the ordinance i.e., waste disposal, would best be served by the use of dumpsters. It was also found that Mrs. Norris had sufficient dealings with the dumpster company and had dumpsters in place so as to satisfy the contractual requirement of the ordinance.

Even though there may be both conflicting facts and a real dispute, that is not enough to overrule the hearing officer. *Sarasota County v Purser,* 476 So.2d 1359, 1362 (Fla. 2d DCA 1985). The Circuit Court cannot substitute its judgment for the judgment of the lower tribunal and in doing so re-weight the facts and evidence presented at the hearing. *Campbell v Vetter,* 392 So.2d 6 (Fla. 4th DCA 1981).

There is competent and substantial evidence to support the hearing officer and accordingly the lower tribunal should be affirmed.