627 So.2d 577 (1993)
Lois BRANCH, Appellant,
v.
CHARLOTTE COUNTY and West Charlotte Utilities, Inc., Appellees.
No. 93-00046.
District Court of Appeal of Florida, Second District.
December 1, 1993.
*578 William Mulloy, Englewood, for appellant.
Matthew G. Minter, County Atty., Port Charlotte, for appellee Charlotte County.
Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for appellee West Charlotte Utilities, Inc.
RYDER, Judge.
Lois Branch filed a petition for writ of certiorari in the circuit court, challenging Charlotte County's decision to grant an interim rate increase to West Charlotte Utilities, Inc. She asks this court to review, by direct appeal, the circuit court's denial of her petition. We treat her appeal as a petition for writ of common law certiorari. See Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla. 1993); Lee County v. Sunbelt Equities, II, Ltd. Partnership, 619 So.2d 996 (Fla. 2d DCA 1993). We deny the petition.
When a district court reviews a circuit court's denial of a petition for writ of certiorari challenging a decision of an administrative body, the standard of review is very limited. The district court may only determine whether the petitioner was afforded due process and whether the circuit court applied the correct law. Education Development Center, Inc. v. West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989); Sunbelt Equities. There is no question that Branch was afforded due process. The circuit court found that Charlotte County's order granting the rate increase was supported by substantial, competent evidence. The circuit court, therefore, applied the correct standard of review and we must deny the petition. Sunbelt Equities, 619 So.2d at 1003-4 ("if the correct rule of law for a circuit court to apply were the `substantial competent evidence' standard, and the court did apply that standard, its decision should be sustained").
West Charlotte Utilities has moved for appellate attorney's fees under section 57.105, Florida Statutes (1991). The standard under this statute is very stringent. *579 There must be a complete absence of a justiciable issue raised by the losing party, which renders the action completely untenable. Ciaramello v. D'Ambra, 613 So.2d 1324 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla. 1992). Although it is unusual for us to find this standard has been met in an appeal, in this case we hold that an award of attorney's fees under section 57.105 is appropriate. Branch's briefs do not address either of the issues appropriate to the standard of review in this case, that is, due process and application of the correct law. Instead, she argues that the circuit court's order was not supported by substantial, competent evidence and reargues the facts previously presented to the lower court. Under Education Development Center, we are not permitted to "disagree[] with the circuit court's evaluation of the evidence." 541 So.2d at 108-9. Because we may not address the only argument Branch has raised in her briefs, there is a complete absence of a justiciable issue in this appeal. Under these limited circumstances, we grant West Charlotte Utilities' motion for attorney's fees and remand to the trial court for determination of the amount to be awarded.
Petition for writ of common law certiorari denied. Motion for attorney's fees granted.
FRANK, C.J. and PARKER, J., concur.