658 So.2d 523 (1995)
HAINES CITY COMMUNITY DEVELOPMENT, d/b/a Parkview Village, Petitioner,
v.
Leila HEGGS, Respondent.
No. 84243.
Supreme Court of Florida.
July 6, 1995.
*524 Jerri A. Blair of Blair & Cooney, P.A., Tavares, for petitioner.
Nora Leto, Florida Rural Legal Services, Inc., Lakeland; Cathy L. Lucrezi, Florida Rural Legal Services, Inc., Fort Myers, for respondent.
ANSTEAD, Justice.
We have for review the following question certified to be of great public importance:
AFTER EDUCATION DEVELOPMENT CENTER, INC. v. CITY OF WEST PALM BEACH, 541 So.2d 106 (Fla. 1989), DOES THE STANDARD OF REVIEW IN COMBS v. STATE, 436 So.2d 93 (Fla. 1983), STILL GOVERN A DISTRICT COURT OF APPEAL WHEN IT REVIEWS, PURSUANT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.030(b)(2)(B), AN ORDER OF A CIRCUIT COURT ACTING IN ITS REVIEW CAPACITY OVER A COUNTY COURT?
See Haines City Community Dev. v. Heggs, 647 So.2d 855, 857 (Fla. 2d DCA 1994). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the certified *525 question in the affirmative by holding that the standards of review announced in Combs and Educational Development Center are the same. We approve the district court decision.

PROCEDURAL FACTS
This case originates from a final judgment entered in county court in favor of petitioner Haines City Community Development, d/b/a Parkview Village (Parkview), evicting the respondent Leila Heggs for non-payment of rent. Upon appeal, the circuit court reversed the county court's judgment. Parkview then sought common-law certiorari review of the circuit court's order in the Second District Court of Appeal, which denied the petition upon the authority of Combs v. State, 436 So.2d 93 (Fla. 1983). The district court expressed some concern, however, about the prevailing law defining the standard of review of a district court when reviewing an appellate decision of a circuit court. The court was particularly concerned that we may have recently adopted a different standard for review of administrative proceedings, and it was unclear if the standard was intended to supplant the Combs standard.

LAW & ANALYSIS

History of Common-Law Writ of Certiorari in Florida
Legal historians have told us that the English common-law writ of certiorari was an original writ issuing out of chancery or the King's Bench, directing that an inferior tribunal return the record of a pending cause so that the higher court could review the proceedings. George E. Harris, A Treatise on the Law of Certiorari § 1 (1893). The use of the writ was continued in the American courts, both state and federal. A more recent treatise defines certiorari as a discretionary writ issued by an appellate court to a lower court in cases where an appeal or writ of error was unavailable, directing that the record of the lower court be provided for review to determine whether the lower court has exceeded its jurisdiction or not proceeded according to law. 3 Fla.Jur.2d Appellate Review § 456 (1978).[1]
This Court[2] first recognized its common-law certiorari jurisdiction in Halliday v. Jacksonville & Alligator Plank Road Co., 6 Fla. 304 (1855), and defined its use in rather broad and general terms:
[A] writ of certiorari will lie from this court to any of the inferior jurisdictions, whenever an appropriate case may be presented, or it shall become necessary for the attainment of justice.
Id. at 305. In 1882, in an opinion which retains its currency and whose clarity remains a hallmark, we defined the writ in more precise terms:
The question which this certiorari brings here is .. . whether the Judge exceeded his jurisdiction in hearing the case at all, or adopted any method unknown to the law or essentially irregular in his proceeding under the statute. A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not an illegal or irregular act or proceeding remediable by certiorari.

Basnet v. City of Jacksonville, 18 Fla. 523, 526-27 (1882); see also Edgerton v. Mayor of Green Cove Springs, 18 Fla. 528 (1882).
In Basnet and its progeny we refined the nature and scope of certiorari. We described certiorari as appellate in character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction. Basnet, 18 Fla. at 527. "It is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon *526 appeal at law or writ of error." Id. This explanation, stated another way, importantly emphasizes that certiorari should not be used to grant a second appeal.[3]Id.; Kennington v. Gillman, 284 So.2d 405, 406 (Fla. 1st DCA 1973).[4]
In Jacksonville, T. & K.W. Railway Co. v. Boy, 34 Fla. 389, 393, 16 So. 290, 291 (1894), we reviewed a circuit court decision affirming a county court judgment, and, while repeating certain language from Basnet, we also stated that we have the power to review and quash, on common-law certiorari, the proceedings of an inferior tribunal when it proceeds without jurisdiction or when its procedure is illegal, unknown to the law, or essentially irregular. Id. at 392, 16 So. 290. Further, in examining the scope of review in other states, we endorsed the practice in Illinois where the superior court determines "whether the inferior court had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law." Id. at 393, 16 So. 290 (emphasis added). In conclusion, we found that "[t]he judgment of affirmance in the record before the Circuit Court was such an essential irregularity and departure from prescribed rules of procedure in such cases as to require that it be quashed, and a judgment will therefore be entered accordingly." Id. at 396, 16 So. 290.
In Mernaugh v. City of Orlando, 41 Fla. 433, 27 So. 34 (1899), this Court explicitly incorporated the "essential requirements of law" language into our standard:
The rule established here is that the Supreme Court has power to review and quash, on the common-law writ of certiorari, the proceedings of inferior tribunals when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of law, and no appeal or direct method of reviewing the proceeding exists.
Id. at 442, 27 So. 34 (emphasis added).

CONSISTENCY IN APPLICATION
It has been correctly noted that despite the announcement of a narrow standard of review, the scope of substantive review by certiorari actually applied was often, for all practical purposes, fully as broad as review by appeal. William H. Rogers & Lewis Rhea Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. *527 477, 498, 500 n. 90 (1951).[5] This tendency was so apparent that the discussion in Florida Jurisprudence noted that in many certiorari cases "it may appear that an error on which the reviewing court questions the lower court's judgment is no more fundamental or in violation of an essential requirement of the law than what otherwise would be reversible error on appeal." Haddad, supra, at 221 n. 113.[6] Throughout the years, Florida courts have also used many terms interchangeably to describe a "departure from the essential requirements of law."[7] Beginning in the early 1960's, however, a more consistent practice seemed to emerge of "restricting the scope of review so that the reality of the extent of review on certiorari was to a large degree commensurate with the rhetoric of limited review." Haddad, supra, at 221 (footnote omitted).[8]
Despite this "all over the waterfront" picture, some opinions should be noted for their tight and lucid language in capturing the essence of the appropriate use of the writ. In State v. Smith, 118 So.2d 792 (Fla. 1st DCA 1960), Judge Wigginton explained:
Certiorari is a common-law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of an appeal, but to cause the entire record of the inferior court to be brought up in order that it may be determined from the face thereof whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of law. Confined to its legitimate scope, the writ may issue within the court's discretion to correct the procedure of courts wherein they have not observed those requirements of the law which are deemed to be essential to the administration of justice... . Failure to observe the essential requirements of law means failure to accord due process of law within the contemplation of the Constitution, or the commission of an error so fundamental in character as to fatally infect the judgment and render it void. ...
It seems to be the settled law of this state that the duty of a court to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the remedy by due course of law [guaranteed by the Florida Constitution], if the judge fails or refuses to perform that duty.
Id. at 795 (footnote omitted) (emphasis added).
In 1985, Chief Justice Boyd also captured the essence of the standard:
The required "departure from the essential requirements of law" means something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice. The writ of certiorari properly issues to correct essential illegality but not legal error.
*528 Jones v. State, 477 So.2d 566, 569 (Fla. 1985) (Boyd, C.J., concurring specially).

Combs
In Combs v. State, 436 So.2d 93 (Fla. 1983), this Court held that the district court had applied too narrow a certiorari standard of review. Melvin Combs was convicted in county court of driving while intoxicated. At trial, Combs claimed that certain statements he made at the accident scene were privileged. The county court rejected the claim, and, on appeal after conviction, the circuit court affirmed. In denying certiorari, the district court stated that its review was limited to: "violations which effectively deny appellate review such as a circuit judge rendering a decision without allowing briefs to be filed and considered, a circuit judge making a decision without a record to support the decision or the circuit court dismissing an appeal improperly." Combs v. State, 420 So.2d 316, 317 (Fla. 5th DCA 1982) (citation omitted). In rejecting this scope of review as too narrow, we acknowledged that application of the phrase "departure from the essential requirements of law" had generated much confusion. Combs, 436 So.2d at 95. We attributed the confusion mainly to the difficulty encountered by the courts in maintaining the distinction between certiorari review and the standard used in reviewing legal error on appeal.[9]
In an effort to clarify the certiorari standard, we elaborated on the meaning and boundaries of "departure from the essential requirements of law":
[T]he phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.

It is this discretion which is the essential distinction between review by appeal and review by common-law certiorari. A district court may refuse to grant a petition for common-law certiorari even though there may have been a departure from the essential requirements of law. The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.
Combs, 436 So.2d at 95-96 (emphasis added) (citations omitted). We concluded in Combs that the district court reached a correct result, albeit for the wrong reason, in denying certiorari, despite its use of an erroneous standard of review. Id. at 96.[10]

*529 Educational Development Center

The case of Education Development Center v. City of West Palm Beach, 541 So.2d 106 (Fla. 1989), unlike Combs, began in an administrative agency  a zoning board of appeals. Further, in contrast to Combs, we held that the district court had applied too broad a standard of review.
In Education Development Center [hereinafter EDC], the petitioner sought permission from the Zoning Board of Appeal (Board) to convert its residential property to a private preschool and kindergarten. The Board denied EDC's application and EDC appealed to the circuit court. The circuit court reversed, and concluded there was "substantially competent evidence" to support EDC's application as required by the zoning code. Subsequently, the district court granted the Board's petition for certiorari, and found that the circuit court had applied an incorrect standard of review.[11]EDC, 541 So.2d at 107.
On remand and reconsideration, the circuit court again reversed the zoning board decision, this time finding that "there was no substantial competent evidence to support the City's denial of the petition." Id. at 108. Upon a second review in the district court, the circuit court's decision was again quashed, based upon the district court's disagreement with the trial court as to the existence of substantial competent evidence to support the Board's decision.[12]City of W. Palm Beach v. Education Dev. Ctr., 526 So.2d 775, 777 (Fla. 4th DCA 1988).
In our review of EDC, we relied on City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982), to define the district court's standard of review, and stated:
[T]he principles expressed by the Court in Vaillant clearly define the standards of review applicable here. There was no contention of a denial of due process and the district court of appeal did not find that the trial judge applied an incorrect principle of law. The district court of appeal simply disagreed with the circuit court's evaluation of the evidence. Accordingly, we reaffirm Vaillant and quash the decision of the district court.
541 So.2d at 108-09.

Combs and EDC
To some extent Combs and EDC may be viewed as the bookends of appellate certiorari review, one pointing out an overly strict standard, while the other quashes the use of an overly broad standard. However, both decisions mandate a narrow standard of review and emphasize that certiorari should not be utilized to provide "a second appeal."
In Combs we held that a district court's review of an appellate circuit court decision should determine whether there was a "departure from the essential requirements of law." We emphasized that there must be "a violation of a clearly established principle of law resulting in a miscarriage of justice." On the other hand, EDC held that a district court's review of an appellate circuit court's decision which reviewed an administrative agency decision should consider whether the "circuit court afforded procedural due process and applied the correct law." Accordingly, the question becomes whether these *530 two standards are different, and, if so, whether a difference is justified.[13]
Vaillant illustrates the relationship of these standards. In Vaillant, we agreed with the decision and rationale of the Fourth District which reviewed the case before it came to us. 419 So.2d at 626. The district court had determined that procedural due process was afforded and that essential requirements of the law were observed. We actually held, however, that a district court, upon review of a circuit court's judgment, determines whether the circuit court "afforded procedural due process and applied the correct law." Id. (emphasis added). When the above two standards are juxtaposed, we conclude that "applied the correct law" is synonymous with "observing the essential requirements of law." See, e.g., Manatee County v. Kuehnel, 542 So.2d 1356, 1358 (Fla. 2d DCA) (holding that when district court reviews decision of circuit appellate court standard of review is whether court afforded procedural due process and observed essential requirements of law), review denied, 548 So.2d 663 (Fla. 1989). Therefore, when the Combs and EDC standards are reduced to their core, they appear to be the same. Moreover, we can see no justifiable reason for adopting different standards for district court review in such cases.
Common-law certiorari has been made available to review quasi-judicial orders of local agencies and boards not made subject to the Administrative Procedure Act when no other method of review is provided. See De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957). If the administrative action was initially reviewable by certiorari to the circuit court, the district court then has jurisdiction to review the circuit court's decision by a second petition for writ of certiorari. Phillip J. Padovano, Florida Appellate Practice § 3.7 (1988) (citing Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983)). However, certiorari in circuit court to review local administrative action under Florida Rule of Appellate Procedure 9.030(c)(3) is not truly discretionary common-law certiorari, because the review is of right. Vaillant, 419 So.2d at 625-26; see also EDC, 541 So.2d at 108. In other words, in such review the circuit court functions as an appellate court, and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency. See EDC, 541 So.2d at 108.
As a case travels up the judicial ladder, review should consistently become narrower, not broader. We have held that circuit court review of an administrative agency decision, under Florida Rule of Appellate Procedure 9.030(c)(3), is governed by a three-part standard of review: (1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Vaillant, 419 So.2d at 626. The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component. The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. As explained above, these two components are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law. In short, we have the same standard of review as a case which begins in the county court. See William A. Haddad, "Writ of Certiorari in Florida," in The Florida Bar, Florida Appellate Practice § 18.3 (3d ed. 1993).
This standard, while narrow, also contains a degree of flexibility and discretion.[14] For *531 example, a reviewing court is drawing new lines and setting judicial policy as it individually determines those errors sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari. This may not always be easy since the errors in question must be viewed in the context of the individual case. It may also be true that review of administrative decisions may be more difficult, since care must be exercised to determine the nature of the administrative proceeding under review, and to distinguish between quasi-judicial proceedings and those legislative in nature. There is no complete catalog that the court can turn to in resolving a particular case.

CONCLUSION
The district court's opinion in this case is an excellent example of the correct application of the limited standard of review available to litigants after they have had the benefit of an appeal in the circuit court. The district court opinion noted:
In this case, even if we were to conclude that the circuit court's order departed from the essential requirements of the law, we cannot say that such a departure was serious enough to result in a miscarriage of justice. The order did nothing more than reverse a county court's eviction judgment based on a peculiar set of facts. It did not deprive the petitioner of its day in court, nor has it foreclosed the petitioner from seeking eviction of the respondent because of future non-payment of rent. See State v. Roess, 451 So.2d 879 (Fla. 2d DCA 1984). Thus, we are unable to conclude that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." Combs, 436 So.2d at 95.
Heggs, 647 So.2d at 856. This analysis captures the essence of our holdings in Combs and EDC.
We answer the certified question in the affirmative and hold that the standards of review announced in Combs and Educational Development Center are the same. We approve the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] Our discussion in this opinion will generally be limited to the use of certiorari to review circuit court decisions rendered by that court acting in its review capacity. We will not discuss other possible uses of certiorari such as its use to review interlocutory or non-final orders of a lower court.
[2] Interestingly, the present Florida Constitution does not grant the Florida Supreme Court any general power to issue common law writs of certiorari. See Vetrick v. Hollander, 464 So.2d 552, 553 (Fla. 1985); Robinson v. State, 132 So.2d 3, 5 (Fla. 1961).
[3] It has been noted that there are at least four distinguishing features between review by common-law certiorari and review by appeal which is provided by law. G-W Dev. Corp. v. Village of N. Palm Bch. Zoning Bd. of Adjustment, 317 So.2d 828, 830 (Fla. 4th DCA 1975). First, common-law certiorari is available only "where no direct appellate proceedings are provided by law." Id. Second, common-law certiorari is entirely discretionary with the court, as opposed to an appeal which is taken as a matter of right. Id. Third, the scope of review by common-law certiorari is traditionally limited and much narrower than the scope of review on appeal. That is, on appeal, all errors below may be corrected: jurisdictional, procedural, and substantive; and judgments below may be modified, reversed, remanded with directions, or affirmed. Fourth, common-law certiorari will only lie to review judicial or quasi-judicial action, never purely legislative action, in contradistinction to review by appeal which is provided by law and by which the legislature can authorize review of a wider scope. Id. at 831.
[4] The policy behind this rule is simple. The circuit court is the court of final appellate jurisdiction in cases originating in county court. See art. V, § 5, Fla. Const. Prior to the establishment of the district courts, we noted that if the role of certiorari was expanded to review the correctness of the circuit court's decision, it would amount to a second appeal. If an appellate court gives what amounts to a second appeal, by means of certiorari, it is not complying with the Constitution, but is taking unto itself the circuit courts' final appellate jurisdiction and depriving litigants of final judgments obtained there. If, in cases originating in courts inferior to the circuit courts, another appeal from the circuit court is afforded in the guise of certiorari, then a litigant will have two appeals from the court of limited jurisdiction, while a litigant would be limited to only one appeal in cases originating in the trial court of general jurisdiction. Flash Bonded Storage Co. v. Ades, 152 Fla. 482, 483, 12 So.2d 164, 165 (1943). There are societal interests in ending litigation within a reasonable length of time and eliminating the amount of judicial labors involved in multiple appeals. Further, while obviously important, circuit court opinions are not widely reported and used as precedent. William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 227 (1977).
[5] For a more detailed discussion of this trend see Rogers & Baxter, supra, at 498-99.
[6] The treatise lists the types of errors held to be departures from the essential requirements of law. Haddad, supra, at 221 n. 113; see 5 Fla.Jur.Certiorari § 31 (1955).
[7] For example, in determining whether there was a "departure from the essential requirements of law" reviewing courts have inquired: (1) whether the lower court proceeded "according to justice" or deprived the petitioner of fundamental rights, resulting in serious and material injury or gross injustice; (2) whether the judgment is authorized by law or is invalid, illegal, essentially irregular, or prejudicial; (3) whether the court rendering judgment lacked jurisdiction; (4) whether the circuit court's appellate judgment violates established principles of law; (5) whether the judgment results in a substantial injury to the legal rights of the petitioner; (6) whether the judgment constitutes a palpable miscarriage of justice; or (7) whether the lower court applied the wrong rule of law to the evidence. 5 Fla.Jur. Certiorari §§ 25, 30, 31 (1955).
[8] Mr. Haddad attributes this trend to the greater caseload in the appellate courts and further noted that typical of cases granting certiorari were those in which the reviewing court quashed affirmances of criminal convictions where virtually no evidence was found on a material element of the crime; those in which the circuit court reversed a lower court on the basis of a patently erroneous statement of law; and those in which the circuit court dismissed an appeal because the record was late and the fault was apparently that of the lower court clerk rather than of the appellant or his attorney. Id.
[9] See, e.g., In re Camm, 294 So.2d 318 (Fla.), cert. denied, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Goodkind v. Wolkowsky, 151 Fla. 62, 9 So.2d 553 (1942); Biscayne Beach Theatre, Inc. v. Hill, 151 Fla. 1, 9 So.2d 109 (1942).
[10] We applied Combs in State v. Pettis, 520 So.2d 250 (Fla. 1988), to further clarify the distinction between "essential illegality" and mere "legal error." The state made a pretrial motion to prevent Pettis from questioning a police officer at trial about five departmental reprimands the officer had received. Upon the denial of the motion in limine, the state filed a petition for writ of certiorari, which was granted by the Fourth District Court of Appeal. Accordingly, the Fourth District quashed the order denying the state's motion in limine. In its opinion, the district court held that Pettis could not use evidence of the officer's prior reprimands to impeach his character for truthfulness because the officer's character trait was not an essential element of the charge or defense. Id. at 251.

While we agreed that the trial judge erred in permitting the police officer to be questioned concerning unrelated reprimands, we did not believe it rose to the level of being a departure from the essential requirements of law:
[W]e cannot say that the ruling was a departure from the essential requirements of law. While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983).
Id. at 254 (footnote omitted).
[11] The district court explained:

[T]he circuit court departed from the essential requirements of law by applying an incorrect standard of review. The question is not whether, upon review of the evidence in the record, there exists substantial competent evidence to support a position contrary to that reached by the agency. Instead, the circuit court should review the factual determination made by the agency and determine whether there is substantial competent evidence to support the agency's conclusion.
City of West Palm Beach v. Education Dev. Ctr., 504 So.2d 1385, 1386 (Fla. 4th DCA 1987).
[12] In contrast to the circuit court, the district court found:

There was substantial evidence to support the denial of the application to permit the operation of a preschool in this residential area. To find to the contrary, we conclude that the lower tribunal either reinterpreted the inferences which the evidence supported or reweighed that evidence; in either event substituting its judgment for that of the zoning board, which it may not properly do.
City of W. Palm Beach v. Education Dev. Ctr., 526 So.2d 775, 777 (Fla. 4th DCA 1988).
[13] Post-EDC and post-Combs cases have consistently applied the standards of review espoused in each case. See, e.g., post-EDC cases: Branch v. Charlotte County, 627 So.2d 577 (Fla. 2d DCA 1993); Manatee County v. Kuehnel, 542 So.2d 1356 (Fla. 2d DCA 1989), review denied, 548 So.2d 663 (Fla. 1989); post-Combs cases: State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993); Horatio Enterprises, Inc. v. Rabin, 614 So.2d 555 (Fla. 3d DCA 1993); Slater v. State, 543 So.2d 869 (Fla. 2d DCA 1989).
[14] One critic has noted:

Some errors are so fundamental as to clearly fall within the term; others clearly do not fall within any reasonable interpretation. The vagueness of the phrase, however, means that there is a large grey area. Properly conceived, the discretion often mentioned in relation to common law certiorari should be exercised in this grey area. This should not be an unprincipled or arbitrary discretion but should depend on the court's assessment of the gravity of the error and the adequacy of other relief. A judicious assessment by the appellate court will not usurp the authority of the trial judge or the role of any other appellate remedy, but will preserve the function of this great writ of review as a "backstop" to correct grievous errors that, for a variety of reasons, are not otherwise effectively subject to review.
Haddad, supra, at 228.