GERSTEN, Judge,
dissenting.
I respectfully dissent. If I believed that the majority’s legal theory was the only one that applied to this ease, I would have writ *272 ten the same opinion. However, it is not the function of an appellate court to substitute its judgment for that of the school board, when the school board acts within its legal authority and substantial competent evidence supports its decision. See, e.g., Education Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla.1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). Because appellant, Glenn Davis, received procedural due process, I would affirm his dismissal.
Davis has a long, consistent tradition of drug violations. He was arrested, charged, and convicted of possessing controlled narcotics in 1976. Later that same year, he was found guilty of trafficking in a controlled substance. Again, in 1994, he was arrested for possessing and purchasing cocaine. Yet he believes he should work alongside our children.
In 1986, Davis applied for a job with Dade County Public Schools. The application asked: “Have you ever been convicted of anything other than a minor traffic violation? ... Have you ever been convicted, fined, imprisoned, or placed on probation in a criminal proceeding? (Include offenses for any type of drugs_).”
Disregarding his past convictions, which were less than ten years old at the time, Davis incredibly answered “no” twice. Completing the application, he signed a statement indicating he understood that any false statements would justify his dismissal.
When Davis was arrested again in 1994, the school board learned of his undisclosed prior convictions and began dismissal proceedings. Davis then requested an administrative hearing.
At the hearing, Davis testified that he did not intend to mislead the school board because an unknown probation officer supposedly told him the convictions would be expunged. Based on this self-serving testimony, the hearing officer recommended that the school board reinstate Davis. The school board disagreed. The school board fired Davis after reviewing the complete record and justifying its deviations from the hearing officer’s recommendation.
In my view, the school board’s actions were justified, especially considering the strong public policy reasons for isolating our children from criminals. Under Section 120.57(l)(b)(10), Florida Statutes (1995), the school board can reject the hearing officer’s conclusions and recommendation, so long as it justifies its decision to terminate Davis by reviewing the complete record.
The school board clearly followed the law in valiantly attempting to shelter our children from an individual who, with all things known, it probably would not have hired. Knowing this, and recognizing the panoply of risks our children face every day, the school board was correct.
As in any administrative law case, we should limit our review to whether substantial competent evidence supports the agency’s decision. Siegel v. Career Serv. Comm’n, 413 So.2d 796 (Fla. 1st DCA), rev. denied, 424 So.2d 763 (Fla.1982); Pasco County Sch. Bd. v. Florida Pub. Employee’s Relations Comm’n, 353 So.2d 108 (Fla. 1st DCA 1977). Here, the school board’s decision should be affirmed because it is supported by the evidence, the school board acted in accord with procedural due process, and because the public policy interest in protecting our children is paramount.
Much like Martin Buber’s perception of the origin of art, law appears to the soul, to a sense of justice, and demands its creative power. See Martin Buber, I and Thou (Walter Kaufmann trans., 1970). This creative power of law manifests itself as precedent. The flexible arms of the law, through precedent, give judges options to apply legal theories which allow just results. Thus, the foundation of law is malleable and able to adapt to specific circumstances. Here, where precedent based upon a different yet equal theory allows a just result, this court should not interfere.
I would affirm.