QUINCE, PEGGY A., Associate Judge.
Irene Alexander, a five-year-old child with autism, esophagitis reflux, and dysphagia (a swallowing disorder) challenges an order from the Agency for Health Care Administration (the Agency) which revoked home nursing services. We reverse because some of the nursing services provided were skilled nursing services reimbursable under Medicaid.
Our review of this administrative action is limited to a determination of whether competent substantial evidence supports the Agency’s action. See Branch v. Charlotte County, 627 So.2d 577 (Fla. 2d DCA 1993); Lee County v. Sunbelt Equities, 619 So.2d 996 (Fla. 2d DCA 1993). At its essence the question in this case is whether there is evidence to support the Agency’s determination that the services provided to the child were not skilled nursing services. To be classified as skilled nursing service, the service must meet all of the following conditions:
(1) Ordered by and remain under the supervision of a physician; (2) Sufficiently medically complex to require supervision, assessment, planning, or intervention by a registered nurse; (3) Required to be performed by, or under the direct supervision of, a registered nurse or other health care professionals for safe and effective performance; (4) Required on a daily basis; (5) Reasonable and necessary to the treatment or a specific documented illness or injury; and (6) Consistent with the nature and severity of the individual’s condition or the disease state or stage.
Fla. Admin. Code R. 59G-4.290(3). A review of the factual findings and the record demonstrates the hearing officer’s determination that the services provided were not skilled nursing services is not supported by substantial, competent evidence.
The hearing officer’s factual findings show that the nursing services were ordered by the child’s physician, Dr. Reynaldo Lim. Moreover, Registered Nurse Maureen Busse of the Agency conceded that the educational component of the treatment plan was a medically necessary skilled nursing function that had not been accomplished. The hearing officer’s finding that the services were not medically complex was applicable only to the matter of the oral feeding services provided to the child. Although not contained in the factual findings, the record reflects that other physicians opined that there was a medical need for feeding supervision by a nurse to guard against the danger of choking. Additionally, Dr. Lim prescribed nursing services seven days a week to combat the child’s dysphagia problem.
The sparse factual findings confirm the assertion that the child’s home health care nurse accompanied the family to outings, in- *1135 eluding trips to the mall and to the park, in an effort to help socialize the child. While this was not a medically necessary activity, this activity does not negate the legitimate skilled nursing services performed by the L.P.N., nor does it negate the necessity of medically necessary training which has not been accomplished. Termination of the nursing services prior to completion of the medically necessary components was error.
We, therefore, reverse the finding of the Agency that skilled nursing care was not medically necessary and direct the Agency to reinstate Alexander’s home nursing services.
WHATLEY, A.C.J., and SALCINES, J., Concur.