KLEIN, J.
Petitioner is the holder of a tax certificate which it purchased in Lee County, which is where the property is located and where the defendant resides. Petitioner brought suit to collect on the tax certificate in the county court for Palm Beach County; however, the only connection this transaction has with Palm Beach County is that this is where petitioner has its place of business.
Respondent property owner did not appear; however, the county court judge, on her own, transferred the venue to Lee County, under section 7.170(b), Florida Small Claims Rule, which provides that, after default is entered “the judge may inquire into and prevent abuses of venue prior to entering judgment.”
Petitioner appealed the order transferring venue to the circuit court, which affirmed. Petitioner now seeks review by certiorari, arguing that the circuit court failed to apply the correct law. Haines City Cmty. Dev. v. Heggs., 658 So.2d 528 (Fla.1995). Petitioner argues that a county court should not, in the absence of a request by the defendant, transfer venue.
We disagree with petitioner’s argument. In transferring venue on her own, the county judge did exactly what rule 7.170 contemplates, and the circuit court, in affirming, applied the correct law. We therefore deny the petition.
STEVENSON and GROSS, JJ., concur.