696 So.2d 1334 (1997)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant,
v.
U.S.A. DIAGNOSTICS, INC., Appellee.
No. 96-4050.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Shelly Ray Senecal of Hightower and Rudd, P.A., Miami, for appellant.
Charles J. Kane of Greenspan & Kane, Boca Raton, for appellee.
FARMER, Judge.
A provider of health care services for the victim of an accident filed suit against her PIP carrier in the County Court seeking payment of her medical bills.[1] The PIP carrier moved to compel arbitration under a provision in the policy.[2] The County Court denied the motion but certified to this court a question of great public importance. See Fla. R.App. P. 9.160(a) (Discretionary Proceedings to Review Decisions of County Courts). The PIP carrier then brought the case to us under the certified question.
We asked the parties to address the question of our jurisdiction. In their responses they both seek to have us rule on the merits of this case and answer the certified question. We can do so only if we have jurisdiction. We do not.
Rule 9.160(a) provides:
"Applicability. This rule applies to those proceedings that invoke the discretionary jurisdiction of the district courts of appeal *1335 to review county court orders described in rule 9.030(b)(4)."
Rule 9.030(b)(4), in turn, provides:
"Discretionary Review. District courts of appeal, in their discretion, may review by appeal
(A) final orders of the county court otherwise appealable to the circuit court under these rules that the county court has certified to be of great public importance;
(B) non-final orders otherwise appealable to the circuit court under rule 9.140(c) that the county court has certified to be of great public importance."
The order denying the motion to compel arbitration is a non-final order. As it is plainly not an order under rule 9.140, it is clear that this court does not have discretionary jurisdiction to review this certified question under rule 9.160(a).
Furthermore, appellate jurisdiction of non-final orders that determine entitlement to arbitration lies in the circuit courts. See Fla.R.App.P. 9.030(c)(1)(B); and 9.130(a)(3)(C)(v). We may then exercise our discretion under limited circumstances to review an appellate decision of the circuit court. See Fla.R.App.P. 9.030(b)(2)(B); see also Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
Accordingly, we transfer this appeal to the Circuit Court for the Seventeenth Judicial Circuit.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] The insured had executed an assignment of PIP benefits to the provider. The assignment stated:

"I hereby IRREVOCABLY ASSIGN to U.S.A. DIAGNOSTICS INC. any benefits under any policy of insurance, indemnity agreement, or any other collateral source as defined in Florida Statutes 768.76 for any services and/or charges provided by U.S.A. DIAGNOSTICS INC.
"It is the intent of the undersigned that this assignment is irrecovable and shall apply to any and all causes of actions, suits, claims, counter-claims and demands."
[2] The PIP coverage under the insurance policy provided:

"Any claim dispute involving medical benefits under this section of the policy between us and a medical services or supplies provider (hereinafter referred to as health care provider) who has agreed to accept an assignment of personal injury protection benefits shall be decided by arbitration upon written request of either party."
The motion to compel arbitration was based on this provision.