NORTHCUTT, Acting Chief Judge.

ORDER TRANSFERRING APPEAL

This appeal arises from a civil action in the county court for Polk County. It was lodged here based on the county court’s certification that its order is of great public importance. We transfer the appeal to the circuit court for the Tenth Judicial Circuit because we do not have jurisdiction to entertain it. See Fla.R.App.P. 9.040(b)(1).
Our appellate jurisdiction is described in article 5, section 4(b)(1), Florida Constitution. It provides that district courts of appeal have jurisdiction to hear appeals of orders “not directly appealable to the supreme court or a circuit court.” Under article 5, section 5(b), circuit courts have appellate jurisdiction when provided by general law. The legislature has so provided in section 26.012(1), Florida Statutes (1999), which states that circuit courts shall have jurisdiction of appeals from county courts with two exceptions, one being appeals of orders or judgments certified by the county courts to be of great public importance and accepted for review by the appropriate district court of appeal.
In section 34.017(1), Florida Statutes (1999), the legislature has authorized county courts to make such certifications, but only in final judgments. Accordingly, Florida Rule of Appellate Procedure 9.030(b)(4)(A) provides that a district court of appeal may, in its discretion, review “final orders of the county court ... that the county court has certified to be of great public importance.”[1]
The notice of appeal in the instant case referred to an October 30, 2000, order of the county cotart granting in part and denying in part appellant’s motion for summary judgment and certifying questions of great public importance to this court. That order was nonfinal. Therefore, as discussed above, we have no jurisdiction based on the certification of great public importance. See State Farm Mut. Auto. Ins. Co. v. U.S.A. Diagnostics, Inc., 696 So.2d 1334 (Fla. 4th DCA 1997).
Moreover, the order was not appealable as a nonfinal order under rule 9.130, and, in any event, the notice of appeal was untimely as to it. However, in response to our order to show cause why the appeal should not be dismissed, appellant correctly asserted that the notice of appeal was timely as to a January 19, 2001, final order in the county court case. Although the latter order made reference to the former, it did not contain a certification of great public importance. Therefore, we lack jurisdiction to review it.
For these reasons, we transfer this appeal, along with all pending motions, to the circuit court for the Tenth Judicial Circuit.
STRINGER and DAVIS, JJ., concur.

. The rule does provide for such review of nonfinal orders “otherwise appealable to the circuit court under rule 9.140(c), i.e., only in criminal cases. Fla. R. App. P. 9.030(b)(4)(B).