WOLF, Judge.
Petitioner contends that the circuit court, sitting in its appellate capacity, departed from the essential requirements of law when it determined that the recordation requirement for payment bonds on public construction projects set forth in section 255.05(1), Florida Statutes (1995), had been satisfied by filing such a bond in the public records of the Escambia County School Board, the commissioning governmental entity for a public project involving the construction of a new middle school. We agree and, in accordance with the standard of review enunciated in Haines City Community Dev. v. Heggs, 658 So.2d 523, 527-28 (Fla.1995), grant the petition and quash the decision of the circuit court with directions that it affirm the county court’s entry of summary judgment in favor of petitioner.
The material facts in this ease are not in dispute. Petitioner was a sub-subcontractor on the middle school construction project. Respondent was the surety on a payment bond furnished by the general contractor in connection with the project. Petitioner did not obtain payment from a subcontractor for septic tanks it provided for installation in the new middle school and sued respondent in county court for payment under the payment bond. Petitioner complied with the presuit notice requirements set forth in the bond for claimants not in contractual privity with the general contractor, but did not comply with the presuit notice requirements set forth in section 255.05(2), Florida Statutes (1995), the statutory provision governing claims proce *1325 dures for statutory bonds provided on public construction projects.[1] The bond in this case had not been recorded in the records maintained by the clerk of the court for Escambia County, but had been filed in the public records kept by the school board in its regular course of business. The county court entered summary judgment in favor of petitioner, reasoning that petitioner’s compliance with the notice requirements set forth in the bond were sufficient to entitle it to relief since the bond was a common law bond rather than a statutory bond making the statutory presuit notice requirements inapplicable. The county court concluded that the bond had to be construed as a common law bond because it had not been recorded in the “official” records of Escambia County as required by section 255.05, Florida Statutes (1995).
On appeal, the circuit court reversed and directed that summary judgment be entered in favor of respondent, reasoning that petitioner’s failure to comply with the presuit notice requirements set forth in section 255.05(2) precluded it from obtaining payment under the bond. Relying on the definition of “public record” contained in chapter 119 of the Florida Statutes, the circuit court found that filing the bond in the public records maintained by the school board had satisfied the section 255.05(1) requirement that statutory bonds be recorded “in the public records of the county.” Thus, the circuit court concluded that the bond was a statutory rather than a common law bond.
In this case, the parties dispute whether the recordation requirement in section 255.05(1) can be satisfied, as the circuit court determined, by filing the bond in the public records of the governmental entity that commissioned the public construction project. There are no reported opinions to guide us in determining what the Legislature precisely meant when it included the recordation requirement language in section 255.05(1); however, we conclude that petitioner’s reading of the statute to require recordation of the bond in the “official records” of the clerk of the court of the county where the improvement is located is the correct one.
Section 255.05(1), Florida Statutes (1995), requires a general contractor on a public construction project “to execute, deliver to the public owner, and record in the public records of the county where the improvement is located, a payment and performance bond with a surety insurer authorized to do business in this state as a surety.” (emphasis added). In Martin Paving Co. v. United Pacific Ins. Co., 646 So.2d 268 (Fla. 5th DCA 1994), the Fifth District Court of Appeal determined that section 255.05 had not abolished such a thing as a “common law bond” on a public construction project and, after reviewing the legislative history of the various subsections in section 255.05, held that in order for a surety to require a claimant’s compliance with the notice provisions set forth in section 255.05(2), the bond under which the claim was being made had to have been recorded in the public records of the county where the improvement was located in accordance with subsection section 255.05(1). See id. at 269-71. The court in Martin Paving reasoned that if the contractor and surety failed to follow the statute, then they could not expect a claimant to do so and any claim under such circumstances would be governed solely by the terms of the bond. See id. at 271.
While the school board is required to maintain public records pursuant to chapter 119, Florida Statutes, it is not charged with the duty of maintaining “the public records of the county.” Nor does one normally “record” documents with the School Board. The Florida Statutes expressly recognize that “[t]he clerk of the circuit court shall be the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk” and “shall record all instruments in one general series of books called ‘Official Records.’” §§ 28.222(1) and (2), Fla. Stat. (1995). The statutory provision governing the duties of the clerks of court also states that among the kinds of instruments to be *1326 recorded by the clerk of the court are “[a]ny ... instruments required or authorized by law to be recorded.” § 28.222(3)(h), Fla. Stat. (1995). Section 255.05(1) clearly constitutes a law that requires a specific “instrument”.— such as, a payment bond on a public construction project — to be recorded. It is therefore logical to presume that when the legislature included in section 255.05(1) the phrase “record in the public records of the county where the improvement is located” it meant that the bond must be recorded by the clerk of the eourt in the “official records” of the county where the public improvement is located.
Furthermore, the circuit court’s reasoning that the bond can be recorded with the school board makes the latter part of section 255.05(1) superfluous. In addition to its re-cordation requirement, section 255.05(1) also provides that “[a]ny claimant [under the bond] may apply to the governmental entity having charge of the work for copies of the contract and bond and shall thereupon be furnished with a certified copy of the contract and bond.” The school board under this portion of the statute is therefore independently required to maintain a copy of the public construction contract and bond in the “public records” maintained by it so that it can furnish copies of such documents to potential claimants upon request. Had the Legislature intended for the filing of the contract and bond in the records of the governmental entity having charge of the work to be sufficient to satisfy the recordation requirement stated earlier in the subsection, it would simply not have included the recor-dation requirement. We, therefore, hold that the section 255.05(1) requirement that a payment bond on a public construction contract be recorded “in the public records of the county where the improvement is located” means that the bond be recorded in the “official records” of the county where the improvement is located as maintained by the clerk of the court. See § 28.222, Fla. Stat. (1995).
Thus, in accordance with the standard of review set forth in Heggs, supra, we grant the petition for a writ of certiorari, quash the circuit court’s opinion reversing the summary judgment entered by the county court, and remand with directions that the circuit eourt affirm the county court’s entry of summary judgment in favor of petitioner.
BOOTH and VAN NORTWICK, JJ., concur.

. While paragraph 13 of the bond could he read to incorporate the presuit notice requirements of the statute notwithstanding the express presuit notice requirements set forth in the bond, we reject such a circuitous interpretation of the bond’s provisions.