PADOVANO, J.
 

 Everest Re Group, Ltd., a holding company incorporated in Bermuda, petitions the court for a writ of certiorari to review an order compelling discovery in a proceeding to liquidate several insolvent insurance companies. For the reasons that follow, we deny the petition.
 

 The Florida Department of Financial Services served an investigative demand on Everest Re to obtain information it believed to be relevant to the affairs of the insolvent insurance companies. Everest Re refused to comply with the demand, which prompted the Department to file a motion to compel discovery. The motion was denied on the condition that Everest Re submit an affidavit within thirty days stating that it does not have in its possession the documents demanded. The order indicates that if the affidavit is not submitted, the Department will be entitled to enforce its demand. Everest Re did not deny that it had the records but instead challenged the order by filing a motion for rehearing. The trial court denied the motion and Everest Re then sought review in this court.
 

 Within the limits of its statutory authority, an administrative agency has the power to conduct an investigation and to obtain information from those who may have information relevant to the investigation.
 
 See United States v. Morton Salt Co.,
 
 338 U.S. 632, 642-43, 70 S.Ct. 357, 94 L.Ed. 401 (1950) (comparing the investigative power of an administrative agency to that of a grand jury). As we stated in
 
 Florida Department of Insurance v. Bankers Insurance Co.,
 
 694 So.2d 70 (Fla. 1st DCA 1997), the authority to investigate exists apart from the authority to file an administrative complaint. An agency is
 
 *1122
 
 not required to allege a violation of the law or file a formal charge as a prerequisite to an investigation.
 

 The authority for the investigative demand in this case is established by Section 631.156, Florida Statutes (2008), which provides that the Florida Department of Financial Services may conduct an investigation to determine the cause of an insurer’s insolvency. This statute gives the Department broad power to investigate potential violations of state and federal law and to discover the existence and location of any assets that may be recovered in the liquidation proceeding. According to the statute:
 

 The department may take statements under oath and examine and review the books, records, and documents of the insurer or any affiliate, controlling person, officer, director, manager, trustee, agent, adjuster, employee, or independent contractor of any insurer or affiliate and any other person possessing any executive authority over, or exercising or having exercised any control over, any segment of the affairs of the insurer or affiliate.
 

 § 631.156, Fla. Stat. (2008).
 

 Everest Re contends that it is not required to determine whether it has the information the Department seeks on behalf of the State of Florida because it is not an entity that is subject to regulation by the statute. We reject this argument based on a plain reading of the statute. By its terms, the statute authorizes the Department to serve an investigative demand on an “agent” or “independent contractor” of the insolvent insurer or any affiliate “exercising or having exercised any control over any segment of the affairs of the insurer or affiliate.” This language makes it clear that the right to obtain discovery is not limited to business entities that have managerial control over the insurer or one of its affiliates. If Everest Re has in its possession assets belonging to an insolvent insurance company, or records of transactions relating to the insolvency of the company, it has acted on behalf of the insolvent insurance company by exercising control over a particular aspect of its business. The Department has alleged that Everest Re has records that are relevant to these matters, and Everest Re has not denied that. It follows that the Department has authority to demand the records.
 

 Everest Re emphasizes the fact that it is not authorized to do business in Florida, but that has no bearing on the issue before the court. The statute does not contain an exemption for foreign corporations. It does not state or imply that the Department’s investigative power is limited to companies that are authorized to do business in Florida. If that were the case, the principal owners of a Florida insurance company could avoid an investigation into its insolvency simply by forming an offshore holding company and then placing its books and records in the hands of that company.
 

 In addition to its argument regarding the applicability of section 631.156, Everest Re contends that there is no basis for the exercise of long-arm jurisdiction. We think this argument is out of place here. The Department does not seek relief against Everest Re as would be the case had the Department filed a lawsuit or an administrative complaint against it. At this point, Everest Re is merely a witness. The question is not whether the Department can sue Everest Re in a Florida court, but whether it can subpoena its records in an official investigation conducted on behalf of the state. The answer is found in section 631.156, Florida Statutes, the law authorizing the investigation, not
 
 *1123
 
 in the long-arm statute or in constitutional principles relating to personal jurisdiction over nonresident defendants.
 

 Because the demand was authorized by section 631.156, the trial court had authority to order Everest Re to comply. We do not address any of the issues that might arise in the enforcement of the trial court’s order. On certiorari the appellate court is limited to a review of the order that is the subject of the petition.
 
 See Haines City Community Development v. Heggs,
 
 658 So.2d 523 (Fla.1995). The reviewing court may either quash the order or deny the petition.
 
 See Park v. City of West Melbourne,
 
 927 So.2d 5 (Fla. 5th DCA 2006). The court does not give directions on remand, as it might in an appeal from a final order.
 

 Petition denied.
 

 BROWNING and THOMAS, JJ, concur.