775 So.2d 989 (2000)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
John Randall DAVIS, Jr., Respondent.
No. 1D00-277.
District Court of Appeal of Florida, First District.
November 28, 2000.
Rehearing Denied January 30, 2001.
Enoch J. Whitney, General Counsel; Judson M. Chapman, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.
David M. Robbins, of Epstein & Robbins, Jacksonville, for Respondent.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles (Department) petitions for writ of certiorari following the lower court's entry of an order granting certiorari and reinstating respondent Davis's driving *990 privilege. We grant the Department's petition and quash the lower court's order.
In 1983, Respondent Davis's driving privilege was permanently revoked pursuant to section 322.28(2)(f), Florida Statutes, on the basis of his eight convictions for driving under the influence (DUI). Nevertheless, in June 1997, Davis was issued a Florida driver's license. Following a review of its records, however, on November 19, 1998, the Department issued an "Order of License Revocation, Suspension, or Cancellation" in which it notified Davis that his driver's license was canceled effective December 9, 1998, for the reason that he was "not entitled to the issuance" of the license because his "driver license had been permanently revoked."[1] Davis filed a petition for writ of certiorari pursuant to section 322.31, Florida Statutes, arguing that his license had been canceled without due process of law in that he was not afforded notice or an opportunity to heard prior to the Department's entry of the order canceling the driver's license. After a hearing, the trial court granted Davis's petition on the ground that Davis's due process rights had been violated and reinstated Davis's driving privilege. The trial court, however, stayed the effect of its order pending the issuance of mandate on the Department's petition to this court.
Our review of the circuit court's order is limited to the determination of whether the circuit court afforded due process and whether it applied the correct law. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). As previously stated, Davis contended below, and the lower court agreed, that he was entitled to an opportunity to be heard prior to cancellation of his license. Yet, the case cited by Davis below, Mackey v. Montrym, 443 U.S. 1, 10, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), makes clear that Due Process does not require that a hearing must occur before license deprivation. In fact, Davis concedes this point in his response to the Department's petition to this court. We note that upon receipt of the order canceling his license, Davis could have requested an administrative hearing under section 322.271, Florida Statutes. The Department is required to hold such a hearing within 30 days of its receipt of the request. See § 322.271(1)(a), Fla. Stat.
Accordingly, we grant the Department's petition and quash the lower court's order.
ERVIN, MINER and KAHN, JJ., CONCUR.
NOTES
[1] Section 322.22, Florida Statutes, authorizes the Department to cancel any driver's license "upon determining that the licensee was not entitled to the issuance thereof." Section 322.251 prescribes the notice requirements for such orders.