COPE, J.
 

 This is a second-tier petition for writ of certiorari in which petitioner-defendant Robert C. Dawson seeks to quash the judgment entered by the appellate division of the circuit court. We conclude that the ruling was correct and deny the petitioner relief.
 

 On July 14, 2008, the petitioner-defendant was convicted of “Driving While Ability Impaired” (“DWAI”) in Suffolk County, New York pursuant to New York Vehicle and Traffic Law section 1192(1). The petitioner’s driver’s license was suspended for 90 days and he was fined $480.00.
 

 On August 27, 2008, the Florida Department of Highway Safety and Motor Vehicles (the “Department”) revoked the petitioner’s Florida driver’s license for one year based on the New York conviction. The Department has the authority to revoke the driver’s license of a Florida resident for certain out-of-state convictions. § 322.24, Fla. Stat. (2008). The Department treated the New York DWAI offense as a conviction for driving under the influence (“DUI”) under Florida law.
 
 See
 
 § 316.193(1), Fla. Stat. (2008).
 

 The petitioner filed a petition for writ of certiorari in the Circuit Court for the Nineteenth Judicial Circuit, Martin County, Florida. He claimed that the Department departed from the essential requirements of law by revoking his license based on his New York conviction for DWAI. A three-judge panel denied relief by written opinion.
 

 The petitioner filed a timely petition for second-tier certiorari in the Fourth Dis
 
 *1003
 
 trict Court of Appeal. That court disqualified itself because a close relative of the petitioner works for the court, and the petition was assigned to this court. For these proceedings, the members of this panel sit as associate judges of the Fourth District Court of Appeal.
 

 Under section 322.24, the Department may suspend or revoke a license when the out-of-state conviction is an offense which, “if committed in this state, would be grounds for the suspension or revocation of his or her license.”
 
 [1]
 
 This means that the statutory elements of the out-of-state conviction must satisfy the statutory elements of the Florida crime. We agree with the appellate division that the statute limits “the Department’s authority to impose a suspension or revocation for an out-of-state conviction to those offenses that would be punishable by suspension or revocation
 
 if committed in this state.”
 
 The appellate division characterized this as a “same offense” test.
 
 [2]
 

 According to the petitioner, the New York DWAI conviction does not have the same statutory elements as a conviction under Florida’s DUI statute. The appellate division rejected the petitioner’s argument and we agree. The New York statute, section 1192, is entitled “Operating a motor vehicle while under the influence of alcohol or drugs.” There are six alternative ways to commit a violation. The only provision relevant here is the subdivision under which the petitioner was convicted, section 1192(1), which states, “No person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol.” N.Y. Veh. & Traf. Law § 1192(1) (2008).
 

 The Florida counterpart is paragraph 316.193(l)(a), Florida Statutes (2008), which provides that
 

 a person is guilty of the offense of driving under the influence ... if the person is driving or in actual physical control of a vehicle within this state and: (a) The person is under the influence of alcoholic beverages, ... when affected to the extent that the person’s normal faculties are impaired.
 

 All of the elements of the New York statute are included in its Florida counterpart. The appellate division properly denied the petitioner relief.
 

 The petitioner also claims that he was denied due process when the Department imposed the maximum period of revocation—one year—pursuant to paragraph 322.28(2)(a), Florida Statutes, without providing a preliminary hearing. We agree with the appellate division’s denial of this claim.
 
 See Dept. of Highway Safety & Motor Vehicles v. Davis,
 
 775 So.2d 989
 
 *1004
 
 (Fla. 1st DCA 2000) (entry of an order revoking driving privileges without prior notice or opportunity to be heard did not violate due process clause because the driver could have requested a hearing upon receipt of revocation and the Department would have been required to hold such hearing within thirty days of its receipt of the request).
 

 The petitioner’s remaining claims concerning his denial of attorneys’ fees and concerning his driver record are rendered moot by this decision.
 

 Certiorari denied.
 

 [1]
 

 . The statute provides in its entirety:
 

 The department is authorized to suspend or revoke the license of any resident of the state, upon receiving notice of the conviction of such person in another state or foreign country of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of his or her license.
 

 § 322.24, Fla. Stat. (2008).
 

 [2]
 

 . The appellate division also explained that care must be taken to distinguish section 322.24—where the "same offense” test applies—from section 322.28—where a "similar offense” test applies. Section 322.28 specifies the period of suspension or revocation for a DUI conviction where the offender has a prior DUI record. For length of suspension, prior offenses include out-of-state convictions for certain enumerated offenses "or any other [out-of-state] alcohol-related or drug-related traffic offense similar to the offense of driving under the influence as proscribed by s. 316.193...." § 322.28, Fla. Stat. (2008) (emphasis added). This length-of-suspension statute—section 322.28—has no bearing on the interpretation of section 322.24.