761 So.2d 397 (2000)
VILLAGE OF KEY BISCAYNE, Petitioner,
v.
TESAURUS HOLDINGS, INC., and Fininvest Investment, Ltd., Respondents.
No. 3D00-869.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Rehearing Denied July 26, 2000.
Weiss Serota Helfman Pastoriza & Guedes, P.A., and Edward G. Guedes, Miami, for petitioner.
Greenberg Traurig, P.A., and Elliot H. Scherker, Joseph G. Goldstein, and Richard A. Perez, Miami, for respondents.
Before JORGENSON, LEVY, and FLETCHER, JJ.
PER CURIAM.
The Village of Key Biscayne seeks certiorari review of a decision of the Dade Circuit Court, Appellate Division, quashing the decision of the Village of Key Biscayne Village Council denying the proposed development. For the reasons that follow, we grant the petition and quash the order under review.
In February 1998, the Village of Key Biscayne Village Council [the Council] granted provisional approval to Tesaurus Holdings, Inc. [the developer] for non-use and unusual use variances and special exception requests made by Tesaurus Holdings, Inc. [the developer]. The proposed development contemplated mixed uses, including both commercial retail establishments and residential townhouses. The approval was subject to the condition that the Council approve the site plan review of the residential development. By its provisional approval, the Council determined that the proposed development complied with the Village's Comprehensive Development Master Plan. That master plan permits only general and commercial uses of the property being developed; no residential uses are allowed.
*398 When the developer returned to the Council in August 1999, the Council voted to deny approval of the developer's site plan. The developer sought certiorari review before the Appellate Division of the Dade Circuit Court. The court granted review and quashed the Council's decision, holding that the Council had denied the developer due process of law in denying the application in 1999 after provisionally approving it in 1998. The appellate division also held that the Council's sole remedy was found in section 163.3215, Florida Statutes. The Village now seeks review of the decision of the Circuit Court.
This is a second-level certiorari proceeding; the standard of review is extremely narrow. Our inquiry is limited to determining whether due process was afforded and whether the circuit court applied the correct law. See Haines City Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995). Because the appellate division applied the wrong law and its resulting decision was "so erroneous that justice requires that it be corrected," id. at 531, we grant certiorari and quash the order under review.
The appellate division first found that the developer was denied due process of law when the Council denied approval of the site plan after approving its preliminary plan. We disagree. When the developer sought approval of its site plan, it was also seeking a determination that the proposed development conformed with the master plan. The developer could not, as a matter of law, rely upon the Council's prior provisional approval. "After a comprehensive plan ... has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted." § 163.3194(1)(a), Fla. Stat. (1999). The term "development order" is defined as "any order granting, denying, or granting with conditions an application for a development permit." § 163.3164(7), Fla. Stat. (1999). The term "development permit" includes any "official action of local government having the effect of permitting the development of land." § 163.3164(8), Fla. Stat. (1999). Therefore, when seeking approval from the Council of the site plan, it was the developer's burden to demonstrate that the plan complied with the Village's master plan. See Machado v. Musgrove, 519 So.2d 629, 635 (Fla. 3d DCA 1987). Approval of the site plan would have constituted approval of a development order as defined by section 163.3164(8); development orders must, under section 163.3194(1)(a), comply with the master plan. Requiring the developer to do what he is by law obliged to do cannot amount to the denial of due process. We note that in the final analysis, the developer could not have demonstrated such compliance; the record demonstrates on its face that the plan for residential townhouses is totally incompatible with the master plan.
The appellate division also applied the wrong law when it ruled that the Village's sole remedy, if it chose to contest the Council's original determination that the proposed development was in compliance with the Village's master plan, was to bring an action pursuant to section 163.3215, Florida Statutes. That section provides that "any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order ... which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part." § 163.3215(1), Fla. Stat. (1999). In essence, the appellate division held that to ensure compliance with the master plan, the Village of Key Biscayne had to sue itself. That ruling flies in the face of reason, as a party cannot sue itself. See Gaston v. Pittman, 224 So.2d 326 (Fla.1969).
*399 For the foregoing reasons, we grant the Village of Key Biscayne's Petition for Writ of Certiorari and quash the order under review.