ROTHENBERG, J.
 

 The Village of Pinecrest, Florida (“Pine-crest”) appeals from a final order denying its motion for summary judgment and granting summary judgment in favor of GREC Pinecrest, LLC (“GREC”). We affirm.
 

 BACKGROUND
 

 GREC, as the owner of two adjacent lots located south of S.W. 100th Street in Pine-crest, filed an application for a Development Order, in which it sought a small-scale amendment to Pinecrest’s Future Land Use Map (“FLUM”); a change to the zoning classification of the property; and approval of its site plan. Specifically, GREC sought a FLUM Amendment and a zoning change from EU-1, Residential Estate which allows no more than one dwelling unit per acre, to RU-4, Residential Multi-Family High Density which allows up to fifty units per acre; and approval of an eighteen-unit condominium project on the subject property. Pinecrest’s Planning Director recommended that the Village Council approve GREC’s application, opining that although the requested RU-4 zoning designation would allow development of fifty units per acre, the recorded covenant attached to the property would ensure that the development be limited to eighteen units, and that GREC’s project would further the objectives of the Comprehensive Development Master Plan (“Comprehensive Plan”).
 

 After conducting a public hearing on June 13, 2006, Pinecrest denied GREC’s application in its entirety. In March 2008, after GREC successfully petitioned the trial court for a writ of mandamus, Pinecrest issued a written- order denying the application, finding that GREC had not established by competent substantial evidence a basis for the relief sought. Thereafter, GREC filed a lawsuit seeking a declaration that Pinecrest’s denial of GREC’s application was inconsistent with the Comprehensive Plan. The trial court agreed with GREC and issued the instant order finding Pinecrest’s denial of GREC’s application inconsistent with the Comprehensive Plan, and instructing Pinecrest to “approve development on the Property at a density
 
 *950
 
 and intensity no more restrictive than the Application filed by [GREC].”
 

 ANALYSIS
 

 A. Pinecrest’s Admissions Cannot be Ignored
 

 Before considering the merits of Pine-crest’s appellate arguments, we detail a number of admissions made by Pinecrest in its answer. Among others, Pinecrest admitted that: (1) GREC’s application (seeking a Comprehensive Plan amendment, a zoning change, and a site plan approval) was consistent with the Comprehensive Plan; (2) Pinecrest should have approved GREC’s application because the application’s proposals were compatible with, and furthered the objectives, policies, land uses, densities, and intensities in the Comprehensive Plan; and (3) the designated EU-1 land density provided by Pine-crest’s FLUM for the subject property was inconsistent with the Comprehensive Plan. Taken together, these admissions reveal that GREC was entitled to develop its property as described in the three-part application. Pinecrest did not attempt to recede from these admissions below. Accordingly, the admissions constitute an important backdrop to the resolution of this case.
 

 B. The Complaint Challenged the Denial of the Proposed Comprehensive Plan Amendment
 

 Seeking reversal of the trial court’s order, Pinecrest first argues that GREC’s complaint failed to challenge Pinecrest’s denial of GREC’s request for an amendment to the FLUM of the Comprehensive Plan. If the allegations in the complaint were limited to Pinecrest’s denial of GREC’s proposed zoning change, we would agree with Pinecrest because GREC’s proposed zoning change (to RU-4) could not be implemented unless and until the Comprehensive Plan’s FLUM (designating the property EU-1) was challenged and amended.
 
 See Saadeh v. City of Jacksonville,
 
 969 So.2d 1079, 1083 (Fla. 1st DCA 2007) (specifying that Florida law requires a municipality to deny a rezoning application that is inconsistent with the adopted Comprehensive Plan);
 
 Pinecrest Lakes, Inc. v. Shidel,
 
 795 So.2d 191, 198 (Fla. 4th DCA 2001) (holding that consistency with a Comprehensive Plan is not a discretionary matter);
 
 Vill. of Key Biscayne v. Tesaurus Holdings, Inc.,
 
 761 So.2d 397, 398 (Fla. 3d DCA 2000) (noting that site plan approval is impossible where “the record demonstrates on its face that the [developer’s] plan ... is totally incompatible with the master plan”);
 
 Machado v. Musgrove,
 
 519 So.2d 629, 631-32 (Fla. 3d DCA 1988) (describing zoning and planning as separate functions and that zoning must follow planning).
 

 We, however, disagree with Pine-crest and conclude that GREC’s complaint sufficiently challenged Pinecrest’s denial of GREC’s request for a Comprehensive Plan amendment as required by law. GREC’s application before Pinecrest consisted of three main components: (1) a request for an amendment to the Comprehensive Plan’s FLUM; (2) a proposed zoning change; and (3) a request for a site plan approval. Pinecrest denied this application in its entirety. Throughout GREC’s subsequent complaint, the allegations take issue with Pinecrest’s denial of GREC’s entire application, necessarily including the denial of GREC’s proposed Comprehensive Plan amendment. Furthermore, Count III of the complaint specifically alleged that “THE [FLUM], AS APPLIED TO THE SUBJECT PROPERTY, IS NOT CONSISTENT WITH PINE-CREST’S COMPREHENSIVE PLAN AND THE GROWTH MANAGEMENT ACT.” Thus, we cannot agree with Pine-
 
 *951
 
 crest that GREC’s complaint failed to address the denial of GREC’s proposed Comprehensive Plan amendment.
 

 C. The Order on Appeal is All-Encompassing
 

 Finally, Pinecrest contends that the trial court erred by limiting the scope of its order to GREC’s requested zoning change, and failing to address Pinecrest’s denial of GREC’s proposed Comprehensive Plan amendment. Again, we disagree. The operative language in the order on appeal is as follows:
 

 The Court declares that the denial by [Pinecrest] of GREC’s application for a development order is inconsistent with [Pinecrest’s] comprehensive plan. The Court remands this case back to [Pine-crest] and hereby orders the Village Council to approve development on the property at a density and intensity no more restrictive than the Application filed by [GREC] ... as described in ... the Amended Complaint.
 

 (Emphasis added). As noted above, GREC’s application before Pinecrest sought a Comprehensive Plan amendment, a zoning change, and a site plan approval. Therefore, when the trial court addressed the denial of GREC’s application, it also addressed the denial of GREC’s proposed Comprehensive Plan amendment.
 

 When considered on its own, the trial court’s instruction to “approve development on the property” could be construed as a limited order relating solely to GREC’s request for a zoning change. However, this instruction must be considered in the light of Pinecrest’s express admissions, the scope of the relief sought in GREC’s complaint, and the fact that the trial court took into account the denial of GREC’s entire, three-part application. In addition, it merits noting that Pinecrest’s current FLUM and zoning map are reflected on a single document, and the current and future zoning designations of the two instruments match in all respects. Because the two maps are one and the same, GREC is likely correct in arguing that the trial court’s order applied to both instruments.
 

 When all of these factors are considered, it becomes clear that the trial court’s instruction included an order directing Pine-crest to make the necessary amendment to the Comprehensive Plan’s FLUM allowing GREC’s proposals to be implemented. Although the trial court did not specifically detail each step necessary to implement GREC’s proposals, we construe the order on appeal as encompassing each step.
 

 CONCLUSION
 

 Pinecrest denied GREC’s application for a Comprehensive Plan amendment, a zoning change, and a site plan approval. After GREC challenged this decision in court, Pinecrest made a number of admissions revealing that GREC was entitled to develop its property as described in the application. The trial court then issued the instant order described above. Pine-crest appealed from the trial court’s decision on the basis that the scope of the relief sought and obtained by GREC was legally insufficient. We disagree with Pi-necrest, holding first that GREC’s complaint did make the requisite challenge to Pinecrest’s denial of GREC’s proposed Comprehensive Plan amendment. We also hold that a combination of factors — Pine-crest’s admissions, the scope of GREC’s complaint, the fact that the trial court addressed GREC’s three-part application in its entirety, and that Pinecrest’s current FLUM and zoning map are reflected in a single document — requires that we construe the trial court’s order as all-encom
 
 *952
 
 passing, and not limited to GREC’s proposed zoning change.
 

 Affirmed.