KLEIN, Judge.
Petitioners filed a petition for writ of cer-tiorari in the circuit court to review action of the Board of County Commissioners of Indian River County regarding the purchase of a number of residential lots because of the environmental significance of the lots. The basis of petitioners’ claim was that there had been a denial of substantive due process in that there had been ex parte communications between commissioners and others regarding the purchase of the lots.
The county then took additional action to reduce the number of lots from fifty to thirty-four, and the petitioners filed a second petition for writ of certiorari from that action. The circuit court concluded that after the county had closed on the thirty-four lots, the petitions for certiorari became moot and dismissed them.
Petitioners have filed this petition for writ of certiorari from the dismissals for mootness. They argue that the issue is capable of repetition, and for that reason, should be reviewed pursuant to Holly v. Auld, 450 So.2d 217 (Fla.1984). Petitioners argue that the county may purchase the additional lots, a contention which the county does not deny. In view of the foregoing, we agree that the petitions should not have been dismissed for mootness, and that the dismissal was a departure from the essential requirements of law as defined in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
Although we find that the dismissals for mootness were improper, we question whether this governmental action was quasi-judicial and can be reviewed in the circuit court by certiorari. In response to the county’s argument in the court below that its action was legislative, the petitioners took the position that it was quasi-judicial under Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993). Snyder, however, involved the governmental regulation of the use of private property. This case does not involve land use, but rather a decision by the county to purchase land. Although such a decision as this would appear to be legislative, that issue, we think, should first be addressed by the trial court on remand.
GUNTHER and SHAHOOD, JJ., concur.