ANTOON, J.
The state petitions this court to issue a writ of certiorari quashing the circuit court’s decision which reversed the county court’s denial of Scott Hemmerly’s motion to suppress. We grant the petition because the circuit court failed to adhere to the essential requirements of law when it applied the wrong statute in determining whether probable cause existed for Mr. Hemmerly’s arrest, and this failure resulted in a miscarriage of justice. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
At about 1:00 a.m. on October 28, 1996, Officers Broxton and Culver of the Winter Springs Police Department were dispatched separately to investigate a traffic accident. Officer Culver arrived first, finding that a Suzuki Samurai had been driven into a parked car. Upon inspecting the Suzuki, Officer Culver found Mr. Hemmerly and a female companion sitting in the back seat. Officer Culver asked them who had been driving, and the woman responded, “He was.” Mr. Hemmerly did not respond nor object to the woman’s response. Officer Cul-ver then asked Mr. Hemmerly for his name and date of birth so that he could check his driving record. Mr. Hemmerly initially gave a false name, but Officer Culver eventually determined his identity and discovered that his driving privileges had been suspended.
When Officer Broxton arrived it was agreed that he would take over the accident investigation while Officer Culver continued to talk with Mr. Hemmerly. Since Mr. Hem-merly was being uncooperative, both officers were concerned that he might attempt to run from the scene. While the officers were talking to him, Mr. Hemmerly was leaning against his car. He smelled strongly of alcohol and his eyes were bloodshot. He was unable to speak clearly and thus he was difficult to understand. Officer Broxton spoke with Mr. Hemmerly’s female companion and she told him that she had been a passenger in the front seat of the Suzuki.
Officer Culver arrested Mr. Hemmerly for driving with a suspended licence[1] and escorted him to the patrol car. Mr. Hemmerly was unable to walk without assistance. After Mr. Hemmerly was placed in the patrol car, Officer Culver continued his investigation. At the conclusion of the investigation, Officer Culver determined that Mr. Hemmerly had been driving while under the influence[2] at the time of the accident and arrested him.
Mr. Hemmerly was subsequently charged with driving under the influence and driving with a suspended license. Prior to trial he filed, in the county court, a motion to suppress evidence seized following his arrest on the ground that there was no probable cause for his arrest. The county court denied the motion to suppress, and Mr. Hemmerly entered a no contest plea to the driving under the influence charge. The state nolle prossed the driving with a suspended license charge. Mr. Hemmerly then appealed his conviction to the circuit court, arguing that *326 the county court had erred in denying his motion to suppress. The circuit court, sitting in its appellate capacity, reversed Mr. Hem-merly’s conviction, ruling that suppression was warranted in this case because the police lacked probable cause to arrest Mr. Hem-merly.
In so ruling, the circuit court relied on section 901.15(1), Florida Statutes (Supp. 1996), which provides that an officer has probable cause to make a warrantless arrest for a misdemeanor when the offense is committed in the officer’s presence:
There are only two circumstances where a warrantless arrest for a misdemeanor is lawful. Both situations require an officer to see the defendant commit the misdemeanor. § 901.15(1)(9), Fla.Stat. (1996). The only difference is that under subsection 901.15(9) an arresting officer is allowed to rely on the affidavit of a federal officer who has seen the misdemeanor committed while under subsection 910.15(1), the arresting officer must see the crime committed. The State argues an officer can develop probable cause in the course of investigating an accident and, in such a case, the requirements of sections 901.15(1) and (9) do not apply. While the State is correct that probable cause may be developed during the course of an accident investigation, the State has not cited any authority to support its argument that an accident abrogates the probable cause requirements of Florida Statutes 901.15(1) and (9).
However, this is a misstatement of the law. Section 316.645 of the Florida Statutes (1995), appropriately entitled “Arrest authority of officer at scene of a traffic accident,” provides that a warrantless arrest is authorized when, based on his or her personal investigation of a traffic accident, a law enforcement officer has reasonable and probable grounds to believe that a driver has committed the misdemeanor crime of driving under the influence:
A police officer who makes an investigation at the scene of a traffic accident may arrest any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this chapter or chapter 322 in connection with the accident.
§ 316.645, Fla. Stat. (1995). This statute constitutes an exception to the requirement of section 901.15 that an officer has authority to make a warrantless arrest for a misdemeanor only when the offense has been committed in his presence.
Petition for Writ of Certiorari GRANTED; decision QUASHED.
GOSHORN and THOMPSON, JJ, concur.

. § 322.34. Fla. Stat. (1995).

. § 316.193, Fla. Stat. (Supp. 1996).