734 So.2d 1139 (1999)
RIVERSIDE ROOF TRUSS, INC., and Sidney E. Oberman, Petitioners,
v.
BOARD OF ZONING APPEALS OF the CITY OF PALATKA, Florida, Nextel Corporation South and Smith Products Company, Inc., Respondents.
No. 99-95.
District Court of Appeal of Florida, Fifth District.
May 28, 1999.
*1140 Michael W. Woodward of Keyser & Woodward, P.A., Interlachen, for Petitioners.
James L. Padgett of Padgett & Morris, P.A., Crescent City, for Respondent, Board of Zoning Appeals.
Robert D. Gatton of Broad & Cassel, P.A., Orlando, for Respondents, Nextel Corporation South and Smith Products Company, Inc.
THOMPSON, J.
The Petitioners, Riverside Roof Truss, Inc., and Sidney E. Oberman ("Petitioners"), seek certiorari review of a circuit court order in a zoning case. The Board of Zoning Appeals of the City of Palatka ("Board") granted a variance to construct a non-conforming communications tower on property owned by the respondent, Smith Products Company, Inc. ("Smith") and leased to the respondent Nextel Corporation South ("Nextel"). We grant the petition for writ of certiorari and quash the decision of the circuit court because it misapplied the law. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).

FACTS
Smith and Nextel entered into a "ground lease agreement" on 25 July 1995 for the limited purpose of "constructing, maintaining and operating a communications facility." At the time the property was leased, there were no height or setback requirements, and a permit was issued to construct a 300-foot tower on the property, which was zoned as light industrial. Nextel did not build a tower before the permit expired. On 8 May 1997, subsequent to the expiration of the permit, a communications ordinance was enacted, which limited the maximum height of towers in industrial districts to 150 feet with a minimum 200-foot set-back from the center of the tower base to the nearest general residential lot line. Smith and Nextel applied for a variance to allow for construction of a 195-foot tower with a setback of 60 feet. The Board heard testimony from several Nextel employees and received a written report from an engineering firm that the requested variance would serve the needs of Nextel. Steve Dye, radio frequency manager for Nextel, testified *1141 that the 195-foot tower was needed to provide reliable coverage to customers. He testified that there was a "hole" in coverage for customers between Crescent City and Handcock, and a 195-foot tower was the minimum needed to provide this service. Further, Nextel's attorney argued that the variance met the special criteria for determining when a variance should be granted.[1]
The petitioners, who own adjacent property, objected to the variance. They presented no expert testimony at the hearing, but Oberman, who was not an engineer, testified he was afraid that the tower might fall onto his property, that it would attract lightning, that the tower would interfere with his telephone service, that the construction activities would be an inconvenience, and that the tower might be hit by an airplane. Experts for Nextel testified that Oberman's lay concerns were not supported by facts and that towers were designed to meet most of the building codes in the United States.
The Board granted a variance, and Riverside and Oberman filed a petition for writ of certiorari in the circuit court. The court denied the petition. The court found that the record did not show that the enforcement would not create an unnecessary hardship on Smith and Nextel. However, the court ruled that the Federal Telecommunications Act of 1996 ("TCA"), 47 U.S.C. Section 332(c)(7),[2] preempts the local authority where the effect of the local decision unreasonably discriminates among communications providers and prohibits the provision of personal wireless services. The court wrote that the record supported the Board's finding that the tower was "necessary to serve adjacent and nearby residential areas.... Nextel was clearly able to demonstrate that the location was optimal as to its site and height in such a way that the need to fill the gap could only *1142 be reasonably resolved at the location." The court also found:
That factor having been shown it appears that a denial by the local authority would have had the effect of prohibiting the provision of personal wireless services in the area unsupported by Nextel which in effect would unreasonably discriminate among providers of functionally equivalent services since other providers would have coverage in a wireless system where Nextel would not. Both of those actions appear to fall within the provision of 47 U.S.C., section 332(c)(7)(B)(i)(I) and (II) which contains the Federal preemption.
The trial court thus reasoned that the Board had no choice but to grant the variance, because there were other providers of services functioning in the same area as Nextel. In other words, to encourage competition, the Board was required to grant the variance. This was a misapplication of the law. The purpose of the TCA is not to supplant local zoning authority, but to increase competition in the telecommunications industry by requiring local zoning authorities to act on requests to construct towers in a reasonable time and requiring all denials to be in writing. 42 U.S.C. § 332(c)(7); AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Board of Adjustment, 11 F.Supp.2d 760 (M.D.N.C.1998).
The statute also prevents discrimination among wireless service facilities providers and to prohibit policies that effectively ban the construction of telecommunications towers. PrimeCo Personal Communications, Ltd. v. Lake County, 1998 WL 565036, ___ So.2d ___ (M.D.Fla. July 20, 1998). This statute does not obviate the need to comply with local governmental requirements. Rather, it ensures that local governments make decisions based upon facts, and that they provide reviewable written records to demonstrate that the decision is based upon substantial competent evidence and not hostility toward wireless communications facilities. AT & T Wireless Services v. Orange County, 982 F.Supp. 856, 860 (M.D.Fla.1997). In this case, after reviewing the local zoning ordinances, the trial court found no hardship from the record which would require the variance. The sole basis for the court's decision was federal preemption. In fact, the preemptive effect of the TCA is limited, and a county zoning board may deny a variance as long the denial is based upon facts, the decision is not antagonistic to the wireless service industry, and there is written denial supported by facts. Id. In the instant case, the court granted the petition because it assumed that the Board had no authority to deny the variance. We find this was error and therefore grant the petition for writ of certiorari and quash the decision of the circuit court.
PETITION GRANTED, DECISION QUASHED.
PETERSON, J., concurs.
HARRIS, J., dissents, without opinion.
NOTES
[1] Section 18 of the City of Palatka Ordinance No. 97-19 reads:

18. Variance standards and criteria for communication towers.
Notwithstanding any other variance criteria in the Zoning Code, with respect to action upon application for zoning variances from the minimum distance required pursuant to Section 27-7.19.5, the board of Zoning Appeals shall grant a variance only if it finds from a preponderance of the evidence that the variance meets the following standards and criteria:
(a) Certification by a Florida licensed engineer that the proposed communication tower is reasonably necessary to serve an adjacent or nearby residential area or areas.
(b) The variance sought is the minimum necessary to address the need for the variance, subsequent to exploring all reasonable siting alternatives.
(c) The location of the proposed communication tower in relation to the existing structures, trees and other visual buffers shall minimize, to the greatest extent reasonably practicable under the circumstances, any impact on affected residentially zoned property.
(d) The location of the communication tower will not have a significant detrimental impact on adjacent property values.
[2] 47 U.S.C., Section 332(c)(7) of the Federal Telecommunications Act of 1996 reads in part:

(7) PRESERVATION OF LOCAL ZONING AUTHORITY.
(A) GENERAL AUTHORITYExcept as provided in this paragraph, nothing in this Chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.
(B) LIMITATIONS -
(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof...
(I) shall not unreasonably discriminate among providers of functionally equivalent services; and
(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record....