HAWKES, J.
 

 Eugene McCoskey is petitioning this Court to grant a writ of certiorari, requiring that the trial court permit him to present evidence of his intent to drive during his trial for violating the Florida DUI statute. We deny his petition, finding the lower court did not depart from any essential requirement of law by prohibiting petitioner from making his subjective intent an issue at trial.
 

 Facts
 

 Petitioner, Mr. McCoskey, was arrested for driving under the influence (“DUI”). Prior to trial, Respondent, the State of Florida, filed an Omnibus Motion in Li-mine with the trial court, seeking to prevent Petitioner from arguing that the State must prove his “intent to drive” in order to convict him for DUI. Specifically, the State moved for the following:
 

 The State of Florida, by and through the undersigned Assistant State Attorney, files this Omnibus Motion in Limine and requests this Honorable Court to enter an order limiting evidence, comments, and arguments either at trial or injury selection as follows:
 

 6. There shall be no argument or comment that the State must prove an “intent to drive” in order to prove Actual Physical Control. There is no statute, case, or jury instruction that defense can cite to stand for the proposition that the state need prove an intent to drive for actual physical control, as DUI is a general intent crime, which covers the driving/actual physical control element....
 

 7. There shall be no eliciting of testimony concerning the defendant contacting other people for him to get a ride home, that this was a usual, arrangement, and/or that he was just waiting in the car until his ride came....
 

 The trial court entered an order denying the State’s motion as it related to the aforementioned paragraphs and holding Petitioner could elicit testimony relating to his intent to operate his car prior to his arrest. Soon thereafter, the State filed an appeal to the above order in circuit court. The circuit court, acting in its appellate capacity, reversed the trial court’s denial of the State’s motion.
 

 Analysis
 

 This Court will only grant a petition for writ of certiorari when a lower tribunal has acted: (1) beyond its jurisdiction; or (2) in a manner that departed from the essential requirements of the law.
 
 See Haines City Community Development v. Heggs,
 
 658 So.2d 528, 525 (Fla.1995).
 

 Florida DUI law reads, in pertinent part, as follows:
 

 Fla. Stat. 316.198, Driving Under the Influence:
 

 (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
 

 (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person’s normal faculties are impaired;
 

 
 *1014
 
 (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
 

 (c) The person has a breath alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
 

 In the instant case, the circuit court properly determined the State could preclude Petitioner from arguing he had no intention to operate his car on the night of his arrest. Although Florida law guarantees a defendant the right to argue his theory of defense, a defendant may do so only so long as the “theory is valid under Florida law.”
 
 Peterson v. State,
 
 24 So.3d 686, 690 (Fla. 2d DCA 2009). Here, Petitioner sought to present evidence that he did not commit DUI because he did not have the intent to operate a vehicle. Intent to operate a motor vehicle is not an element of the charge of DUI, nor is lack of intent to operate a motor vehicle a legally cognizable defense to DUI.
 
 See
 
 § 316.193, Fla. Stat. (2010).
 

 Moreover, the evidence Petitioner sought to admit (that he had called for a ride and was waiting, in his car with the radio on, for that ride at the time of his arrest) is irrelevant to whether or not petitioner committed DUI — specifically, the “actual physical control” requirement.
 
 See
 
 § 90.401, Fla. Stat. (2010) (defining relevant evidence as “evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by the pleadings”). Evidence of Petitioner’s alleged lack of intent to drive would not operate to prove or disprove whether the petitioner was in “actual physical control” of his vehicle. In fact, such irrelevant speculation regarding the Petitioner’s subjective intentions would only serve to do one of three things: (1) confuse the jury; (2) lead the jury to believe that “intent” is an element of the crime of DUI; and/or (3) create sympathy for the petitioner, possibly resulting in a jury pardon.
 

 In light of the above, the circuit court did not depart from the essential requirements of law in ordering the trial court to grant the State’s motion to preclude Petitioner from admitting evidence of subjective intent to drive during his trial for violating the Florida DUI statute. Accordingly, we DENY Mr. McCoskey’s petition for writ of certiorari.
 

 DENIED.
 

 MARSTILLER, and RAY, JJ., concur.