CANADY, J.,
dissenting.
Although I acknowledge that the Fifth District did not state that the granting of second-tier certiorari relief requires a showing that the circuit court violated a clearly established principle of' law resulting in a miscarriage of justice, I nevertheless would approve the result reached by the district court.
On second-tier certiorari review, the district court must consider “whether the circuit court afforded procedural' due process and whether the circuit court applied the correct law_ [T]hese two components are merely expressions of ways in' which the circuit court decision may have departed from the essential requirements of the law.” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). A district court may only exercise its discretion to grant second-tier certiorari relief when the circuit court “has violated a clearly established principle of law resulting in a miscarriage of justice.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010).
When a circuit court reviewing an administrative order determines that certio-rari relief is warranted, the court has only one option — namely, to “ ‘quash the order reviewed.’ ” Broward Cty. v. G.B.V. Int’l, Ltd., 787 So.2d 838, 844 (Fla.2001) (quoting Tamiami Trail Tours Inc. v. R.R. Comm’n, 128 Fla. 25, 174 So. 451, 453 (1937) (on rehearing)). And when an order is quashed on certiorari review, ‘“it leaves the subject matter, that is, the controversy pending before the tribunal, commission, or administrative authority, as if no order or judgment had been entered. ..” G.B.V., 787 So.2d at 844 (quoting Tamiami, 174 So. at 454). The law is clearly established that “ ‘[t]he [reviewing] court has no power [when] exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy under consideration,]• nor to direct the [tribunal, commission, or administrative authority] to enter any particular order or judgment.’ ” Id. (quoting Tamiami, 174 So. at 454). Consistent with these principles of law, the Fifth District “ha[s] consistently held that when a circuit court quashes a hearing officer’s order on due process grounds, the matter is to be remanded to the hearing officer for further proceedings.” Futch, 142 So.3d at 915.
In this case,.the Fifth District correctly .recognized, that this clearly , established principle of. law required the circuit court to remand the case for another administrative hearing. . See, e.g., G.B.V., 787 So.2d at 844; Tamiami, 174 So. at 453-54. Accordingly, because the circuit court invalidated the suspension of Futch’s driver license — without the authority to do so— instead of quashing the order and remanding the case, the circuit court, disregarded this Court’s precedent and the Fifth District’s- precedent requiring that the matter be remanded for further proceedings, In doing so, the circuit court violated a clearly established principle of law.
Although the Fifth District did not expressly hold that the circuit, court’s violation of this clearly established principle of law resulted in a miscarriage of justice, I would conclude that, the circuit court’s error resulted in a miscarriage of justice that is “sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari.” Heggs, 658 So.2d at 531. Specifically, the circuit court’s error denied DHSMV the opportunity for the suspension of Futch’s driver license to be properly considered by the hearing officer on the merits. The circuit court’s error also resulted in a miscarriage of justice *134 because it has precedential value in the Seventh Judicial Circuit, could affect many-other administrative proceedings in that circuit, and substantially deprives DHSMV of its opportunity to sustain driver license suspensions in that circuit. Moreover, in holding that “no miscarriage of justice” occurred under the -facts of this case, the majority has arguably created a scenario immune from second-tier certiorari review in which- any circuit court in the State of -Florida can invalidate any ■ administrative driver license suspension on the sole basis that an evidentiary error violates due process. Majority op. at 132.
The circuit court not only transgressed the limitations on the authority of- a court granting first-tier certiorari relief but also violated a cardinal rule of the appellate process. When an error made in a ruling on an evidentiary question is identified in a review proceeding, the result is hot an automatic victory for the party aggrieved by the error. It is an “elementary” principle of the appellate process that “where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue.” Pullman-Standard v. Swint, 456 U.S. 273, 292, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). Indeed, no principle of the appellate process is more firmly-fixed and well-understood. The majority’s conclusory decision contravening this principle holds the potential for much mischief.
In sum, the Fifth District was justified in granting certiorari relief because the circuit court violated a clearly established principle of law resulting in a miscarriage of justice. I dissent.
POLSTON, J., concurs.