LOGUE, J.,
dissenting.
The issuance of a writ of certiorari to review the judgment of a circuit court sitting in its appellate capacity is strictly limited. In this case, we must decide whether those limits prevent us from issuing the writ involving a question of law that has already been accepted for review by the Florida Supreme Court. If we decline to issue the writ, the litigants in this case, and other litigants in the same procedural posture, would be barred from obtaining the benefit of the Supreme Court’s imminent decision. Because none of the reasons for limiting the writ apply here, and denying the litigants the benefit of the Supreme Court’s forthcoming decision would constitute a patent miscarriage of justice, I would issue the writ.
On the merits, the question is whether certain language in a personal injury protection insurance policy is sufficient to put insureds on notice that reimbursement of medical bills will be limited by the statutory schedule in section 627.736, Florida Statutes (2008). For some time now, different judges on the Miami-Dade county court and different panels of judges on the reviewing circuit court have been issuing a welter of conflicting decisions.[3] Here, the county court entered the fray, made its decision, and the circuit court affirmed with an opinion which expressly conflicts *745 with other panels of the same circuit.[4] The losing party petitioned this court for a writ of certiorari.
After the circuit court issued its opinion, we addressed the same substantive question in a different case that had been directly certified to this court by the county court pursuant to section 34.017(3) & (4), Florida Statutes (2008), and Florida Rules of Appellate Procedure 9.030(b)(4)(A) & 9.160. Fla. Wellness & Rehab. v. Allstate Fire & Cas. Ins. Co., 201 So.3d 169, 170-71, 41 Fla. L. Weekly D1619, D1620, 2016 WL 3746527 (Fla. 3d DCA July 13, 2016). We agreed with the First District and Second District, which had reached a similar conclusion. Allstate Fire & Cas. Ins. v. Stand-Up MRI of Tallahassee, P.A., 188 So.3d 1 (Fla. 1st DCA 2015); Allstate Indem. Co. v. Markley Chiropractic & Acupuncture, LLC, — So.3d -, 41 Fla. L. Weekly D793, 2016 WL 1238533 (Fla. 2d DCA Mar. 30, 2016). We certified conflict with the Fourth District, which had reached a contrary conclusion. Orthopedic Specialists v. Allstate Ins. Co., 177 So.3d 19 (Fla. 4th DCA 2015). We noted that the Supreme Court had already accepted jurisdiction of the conflict between the district courts. Allstate Ins. Co. v. Orthopedic Specialists, No. SC15-2298, 2016 WL 282060 (Fla. Jan. 20, 2016).
With this background in mind, we turn to the question of whether we have jurisdiction to issue the writ. The standard for issuing second-tier certiorari is whether the circuit court’s decision denies procedural due process or departs from the essential requirements of law that results in a miscarriage of justice. Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010). The application of this standard is guided by the judicial policy that second-tier certiorari cannot be used to grant an individual litigant what is no more than a second appeal. Id. at 1093. The Supreme Court has explained:
The policy behind prohibiting certiorari to function as a second appeal is that the circuit court possesses final appellate jurisdiction in cases originating in the county court.... [I]f the role of certio-rari were expanded to review the correctness of the circuit court’s decision, it would amount to a second appeal that usurps the final appellate jurisdiction of the circuit court in contravention of the Florida Constitution. This would deprive litigants of final judgments obtained in the circuit court and ignore societal interests in ending litigation within a reasonable length of time and eliminating the amount of judicial labors involved in multiple appeals. A more expansive review would also afford a litigant two appeals from a court of limited jurisdiction, while limiting a litigant to only one appeal in cases originating in a trial court of general jurisdiction.
Id. (internal citations and quotation omitted). An expansive view of second-tier certiorari would also “destabilize Florida’s delicate judicial ladder, opening the flood gates of second appeals to our already overworked and overburdened district courts of appeal as described by those appellate courts.” Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 728 (Fla.2012) (Lewis, J., dissenting).
None of these concerns exist in the situation here where the Supreme Court has already accepted jurisdiction to resolve the underlying legal issue. When the Supreme Court has already accepted jurisdiction, we are not granting a second appeal by issuing the writ. To the contrary, we *746 are simply allowing the parties to place themselves in the “pipeline” so that they can obtain the benefit of the Supreme Court’s pending resolution of the underlying issue. Allowing the parties to avail themselves of the benefit of an upcoming Supreme Court decision hardly constitutes a usurpation of the circuit court’s appellate jurisdiction, does not undermine the judicial policy of finality, falls far short of reflecting a mere disagreement by this court with the outcome in the circuit court, and wastes no limited judicial resources with excessive appeals because the issue is already slated for Supreme Court resolution.
The Supreme Court has noted that it is impossible to create an exhaustive list of when second-tier certiorari should issue. Id. at 726. For this reason, it has recognized that second-tier certiorari must be allowed some play in its joints if it is to fulfill its purpose. The Court “has repeatedly emphasized that district courts must be allowed a large degree of discretion so that they may judge each case individually.” Id. (citation and quotation omitted.). “[T]he district court’s exercise of its discretionary certiorari jurisdiction should ‘depend on the court’s assessment of the gravity of the error and the adequacy of other relief’ ” Custer, 62 So.3d at 1092 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d, 523 531 n. 14 (Fla.1995)). In so doing, the court must “not usurp the authority of the trial judge or the role of any other appellate remedy, but ... [must] preserve the function of this great writ of review as a ‘backstop’ to coiTect grievous errors that, for a variety of reasons, are not otherwise effectively subject to review.” Id.
Failure to issue the writ here means the parties who filed identical lawsuits in the same circuit court, some of whom are commercial rivals, will have different legal outcomes based purely on the luck of which judges they drew. The parties to the present case will have the benefit of the uniform rule of law resulting from the Supreme Court’s imminent decision if, but only if, the clerk of court serendipitously assigned their case to one of the panels of circuit court judges that has accurately predicted the outcome of the Supreme Court’s decision rather than one of the panels that has not. And which panel is which becomes known only after the Supreme Court’s ruling comes down in the future. If we are not careful, the docketing of cases in such a system will take on the nature of a raffle: you get your case number and you take your chances.
But the Supreme Court never intended that the rules governing the issuance of a writ of certiorari should be interpreted in a manner that causes outcomes in the court system to take on random character of a sweepstakes. Indeed, the Supreme Court has recently made clear that a rule of law fashioned by the legislature that causes legal outcomes to result from “luck rather than conduct” is irrational and unconstitutional. Wright v. City of Miami Gardens, SC16-1518 slip op. at 21, 23, 200 So.3d 765, 777, 2016 WL 4945053 (Fla. Sept. 15, 2016), (holding an election statute unconstitutional because it disqualified a candidate “solely because luck was not on [his] side”). The Court applies this principle with no less force to rules of jurisdiction it has fashioned.
It is clearly a miscarriage of justice to prevent further review in a manner that causes the identical cases of similarly situated persons in the same court to be decided differently based on conflicting legal interpretations. And this clear miscarriage of justice resulting from the failure to allow review reflects a departure from the most essential legal requirement— equality before the law. No other legal *747 remedy exists to stop this miscarriage of justice here except a writ of certiorari. The Supreme Court has expressly recognized that the district courts have jurisdiction when issuance of the writ is the only available “backstop” to prevent such a patently unjust outcome. Custer, 62 So.3d at 1092. For these reasons, I would grant the writ, quash the decision below based upon our decision in Florida Wellness, and certify conflict with the Fourth District’s opinion in Orthopedic Specialists so that these litigants receive — for good or for ill — the equal treatment under the law that will result from the Supreme Court’s impending decision.

. See, e.g., Allstate Ins. Co. v. Gables Ins. Recovery Inc., a/a/o Moran, No. 13-305 AP (Fla. 11th Cir.Ct. May 18, 2016) (language in policy not sufficient) (Lederman, Cohen, and Prescott, JJ.); Allstate Fire & Cas. Ins. Co. v. Hallandale Open MRI, LLC, a/a/o Blake, 23 Fla. L. Weekly Supp. 683 (Fla. 11th Cir.Ct. Dec. 7, 2015) (language in policy not sufficient) (Hogan-Scola, Cueto, and Orshan, JJ.); Allstate Fire & Cas. Ins. Co. v. Hallandale Open MRI, LLC, a/a/o Politesse, 21 Fla. L. Weekly Supp. 989 (Fla. 11th Cir.Ct. June 23, 2014) (language in policy sufficient) (Korvick, Bloom, and Walsh, JJ.); Allstate Indem. Co. v. Gables Ins. Recovery, Inc., a/a/o Jimenez, 22 Fla. L, Weekly Supp. 1146 (Fla. 11th Cir.Ct. June 8, 2015) (language in policy sufficient) (Bernstein, Hendon, and Manno Schurr, JJ,); Allstate Prop. & Cas, Ins. Co. v. Royal Diagnostic Ctr. Inc., a/a/o Mondy, 21 Fla. L. Weekly Supp. 627 (Fla. 11th Cir.Ct. Apr. 3, 2014) (language in policy sufficient) (Smith, Lobree, and Verde, JJ.).

. Allstate Fire & Cas. Ins. Co. v. Hallandale Open MRI, LLC, a/a/o Blake, 23 Fla. L. Weekly Supp. 683 (Fla. 11th Cir.Ct. Dec. 7, 2015) (noting prior conflicting panel opinions).