# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1022
Lower Tribunal No. 14-32601

_____

**Ira Scot Silverstein, LLC, etc.,**
Petitioner,

vs.

**Elide Kube,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Ira Scot Silverstein, PLLC and Ira Scot Silverstein (Ft. Lauderdale), for petitioner.

Roniel Rodriguez IV, P.A. and Roniel Rodriguez IV, for respondent.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

SUAREZ, J.

Ira Scot Silverstein, LLC n/k/a Ira Scot Silverstein, PLLC petitions for a writ of certiorari in connection with the trial court's denial of its Motion for Reconsideration and Motion for Protective Order regarding production of

documents. We grant the petition because the ordering of the production of the requested documents constitutes a departure from an essential element of the law, would cause material harm and could not be rectified on appeal. Custer Med. Ctr. V. United Auto Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010); Haines City Cmty. Dev, v, Heggs, 658 So. 2d 523, 530 (Fla. 1995).

Petitioner is a law firm which has represented several lenders in numerous foreclosure actions. Respondent was a defendant in one such foreclosure action. In connection with an Affirmative Defense, Respondent served a Request for Production seeking copies of all of Petitioner's retainer agreements with the lenders it had represented from May 2013 to May 2016. Respondent also sought copies of all affidavits of attorney's fees filed by Petitioner for the same time period as well as all pleadings identifying Petitioner as counsel of record and all final judgments awarding fees to the plaintiffs therein. Respondent also sought copies of all checks representing payment of the fees from the lenders.

Respondent is not entitled to production of any such documents from Petitioner by virtue of the litigation privilege. Any action taken by Petitioner in connection with its representation of clients in unrelated foreclosure actions is protected by the privilege and its contracts and communications relating to such representation are likewise protected in the context of the claim made here. Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 386

(Fla. 2007). We therefore grant the petition for certiorari and quash the trial court's order below.

Petition Granted.