# Third District Court of Appeal

## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1527
Lower Tribunal Nos. 20-AP-06-K; 20-AP-08-K

_____

**Edwin Handte and Janice Handte,**
Petitioners,

vs.

**Monroe County, Florida**
Respondent.


On Petition for Writ of Certiorari to the Circuit Court for Monroe County, Appellate Division, Timothy J. Koenig, Judge.

Lee Robert Rohe, P.A., and Lee Robert Rohe,  for petitioners.

Peter H. Morris, Assistant Monroe County Attorney, for respondent.


Before LOGUE, LINDSEY, and HENDON, JJ.

LOGUE, J.

We deny the petition for a writ of certiorari seeking review of the decision of the circuit court in its appellate capacity. On second tier certiorari,

the "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). The departure from the essential requirements of law necessary for granting second tier certiorari "is something more than a simple legal error": it must involve the violation of "a clearly established principle of law resulting in a miscarriage of justice." Id.

We discern no such departure from the essential requirements of law in the circuit court's decision affirming the decision of the administrative law judge. The petitioners' right to the non-conforming use of their properties as vacation rentals did not preclude the County from subjecting that use to the vacation rental permit and vacation rental manager license requirements imposed by section 134-1 of the Monroe County Code.

We reject petitioners' apparent argument that because they had a vested right to a non-conforming use of their properties as vacation rentals, the properties could not be subject to subsequently enacted lawful regulations generally applicable to all such properties. See, e.g., New Port Largo, Inc. v. Monroe Cnty., 95 F.3d 1084, 1090 (11th Cir. 1996) (holding

2

"there is no general constitutional right to be free from all changes in land-use laws"). In so doing, we do not reach the issue of whether the vacation rental permit and vacation rental manager license requirements imposed by section 134-1 constitute violations of the Constitution, either facially or as applied, because that issue is not properly before us.

Petition denied.