# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1567
Lower Tribunal No. 21-157-M
_____

**Seawatch at Marathon Condominium Association, Inc.,**
Petitioner,

vs.

**City of Marathon, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Nicholas W. Mulick, PA, and Nicholas W. Mulick, for petitioner.

Steven T. Williams, City Attorney, for respondent City of Marathon; Smith/Hawks, PL, and Christopher B. Deem and Barton Smith, for respondent Florida Keys Animal Encounters, LLC.

Before FERNANDEZ, SCALES and GORDO, JJ.

SCALES, J.

In its petition to this Court, Seawatch at Marathon Condominium Association, Inc. ("Seawatch") seeks second-tier certiorari review of the Monroe County Circuit Court's July 26, 2023 final order that dismissed, as moot, Seawatch's first-tier certiorari petition. Seawatch's first-tier petition challenged two resolutions of the City of Marathon: (i) Resolution No. 2021-74 (denying Seawatch's appeal of an approval of a variance sought by respondent Florida Keys Animal Encounters ("FKAE")); and (ii) Resolution No. 2021-75 (granting FKAE's amended conditional use permit). Our second-tier certiorari review of the challenged order is limited to whether the Circuit Court applied the correct law and whether it afforded Seawatch procedural due process. <u>Haines City Cmty. Dev. v. Heggs</u>, 658 So. 2d 523, 530 (Fla. 1995).

The Circuit Court determined that Seawatch's challenge to Resolution No. 2021-74 was moot because FKAE withdrew its variance application after availing itself of an amendment to the City's land development regulations, thus obviating the need for FKAE to obtain a variance. Under the circumstances presented in this case, the Circuit Court applied the correct law and determined that Seawatch's challenge to Resolution No. 2021-74 was rendered moot. <u>Montgomery v. Dep't of Health and Rehabilitative Servs.</u>, 468 So. 2d. 1014, 1016 (Fla. 1st DCA 1985) ("A case becomes moot,

2

for the purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief.").

In its order, the Circuit Court further determined that Seawatch's challenge to Resolution No. 2021-75 (granting FKAE's amended conditional use permit) was also moot. The Circuit Court concluded that its determinations in a related case[1] rendered moot Seawatch's *identical* challenges to this same Resolution. In this related case, the Circuit Court held that, in adopting Resolution No. 2021-75, the City of Marathon had observed the essential requirements of law and that the City's factual findings were supported by substantial, competent evidence.

In its second-tier petition to this Court, Seawatch does not assert that its first-tier challenges were any different from those made by the petitioner in the related case. Rather, Seawatch asserts to us an argument – one it did not present to the Circuit Court – regarding the sufficiency of the traffic study relied upon by the Marathon City Council in adopting the Resolution. Seawatch frames this argument as the Circuit Court's departing from the essential requirements of law by "waiving" the land development regulation's

---

[1] See Valdes v. City of Marathon, No. 21-CA-000155-M (Fla. 16th Jud. Cir. Oct. 14, 2021).

3

traffic study requirement. Irrespective of how Seawatch characterizes this argument, Seawatch is essentially arguing to us that the City of Marathon's adoption of the Resolution was not supported by substantial, competent evidence. Reviewing the record for substantial, competent evidence, however, is outside the scope of our limited, second-tier certiorari review. Heggs, 658 So. 2d at 530 (Fla. 1995) ("The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component."); accord Alger v. United States, 300 So. 3d 274, 277 (Fla. 3d DCA 2019).

Petition denied.